**UNITED STATES of America ex rel. Howard THOMPSON**

**v.**

**Alfred T. RUNDLE, Superintendent.**

**Misc. No. 4014.**

United States District Court
E. D. Pennsylvania.

Dec. 30, 1968.

Howard Thompson, pro se.

Jacques H. Fox, Dist. Atty., Delaware County, Pa., for defendant.

---

2. This document was placed in the record by the employer, who refused to disclose the names of the persons who had given it to him. There was no proof offered at the administrative hearing of the authenticity of the signatures on this document.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is a petition by a state prisoner for a writ of habeas corpus. Relator alleges that at the time of sentencing he was denied his constitutional right to effective representation by counsel in violation of the sixth and fourteenth amendments to the constitution. In support of that allegation relator refers to the record colloquy between defense counsel, who represented relator and two co-defendants, and the sentencing judge, which was as follows:

"* * * [Defense counsel]: If your honor please, I do not wish to stand before you today, your honor, and attempt to make any excuses for what these three men did. I do wish to state on behalf of Henry Evans [co-defendant] that I feel we have a chance here to keep a person who is not a confirmed criminal from becoming a confirmed criminal. I believe this is a case where he got in the wrong company. I would like your honor to examine his record and I believe you will see that his only prior trouble has been a disorderly conduct charge and a motor vehicle charge; in addition to which, your honor, I would like to point out that Henry is a married man, he apparently is a good provider for his wife and his two children, who are aged two and three, and I believe he has been working for John Hanna & Sons, doing construction work. As I said, your honor, while I do not feel that he is a criminal, I hope that your honor will take that into consideration. And I also hope your honor will examine the confessions, I believe all of them indicated that Henry Evans merely acted as a look out man in this matter.

"THE COURT: You say that Henry was a good provider for his family?

At the time he was arrested he was unemployed.

"* * * [Defense counsel]: He had been unemployed for six weeks due to the weather, your honor. I believe he operates bulldozers, and he indicates to me that when he was working he was making as much as $120 a week operating heavy equipment.

"THE COURT: Yes, what did he do with all the money? A bulldozer operator makes very good wages.

"* * * [Defense counsel]: I understand that, your honor.

"THE COURT: Howard Thompson [relator], unemployed.

"* * * [Defense counsel]: I believe you will find the same is true for William Wright [co-defendant].

"THE COURT: Well, we are going to give the maximum sentence to William Lester Wright and Howard Thompson; we are going to give half the maximum to Henry Evans."

The record indicates that absolutely nothing was said by defense counsel on relator's behalf other than that he was unemployed. It also indicates that while speaking on behalf of one of relator's co-defendant's defense counsel made an obvious reference to relator as "the wrong company" and a not so obvious reference to relator as a "confirmed criminal." In fact, everything that was said by defense counsel was presented in such a way as to mitigate the severity of the sentence meted out to one of the co-defendants by playing him against relator or contrasting him with relator. Whether this was caused by carelessness or design on the part of defense counsel, it is readily apparent that it would be inconsistent with due process of law to permit a sentence based upon such representation to stand.[1]

---

1. The Supreme Court and the lower federal courts have recognized on many occasions the importance of effective representation at the sentencing stage of criminal pro-

■ In his answer to our order to show cause, the District Attorney contends that relator was not entitled to any better representation because he is unable to suggest what could have been said on his behalf to vitiate the fact that he had a significant prior criminal record which justified the imposition of a heavier sentence upon him than that which was imposed upon one of his co-defendants who had only one minor prior involvement with the law.[2] It may very well be that there was nothing that could have been said on relator's behalf and that his prior criminal record justified the imposition of a heavier sentence than that received by a co-defendant. But in this case defense counsel made prejudicial remarks to the sentencing judge regarding relator and in contrasting relator with a co-defendant who had a good record he compounded the prejudice.

■ We are not at liberty to presume that relator was not substantially prejudiced by what was said to the sentencing judge. All three co-defendants, including relator, were ostensibly represented by the same counsel.[3] But the record colloquy suggests that the only interests represented were those of one of relator's co-defendant's and not those of relator.

■■ We wish to make it abundantly clear that we do not reach this conclusion on the basis that relator received a sentence which was more severe than that meted out to a co-defendant. The exercise of the judicial sentencing function is more completely committed to the judge's discretion than any other area of judicial function. United States ex rel. Huntt v. Russell, 285 F.Supp. 765 (E.D. Pa.1968). It is not the severity of the sentence which renders it constitutionally invalid, but the utter disregard of and prejudice to relator's interests which makes it so.

## ORDER

And now, this 30th day of December, 1968, after having considered the State record and the answer of the Delaware County District Attorney, it is ordered that relator's petition for a writ of habeas corpus is granted; issuance of the writ will be stayed for a period of sixty (60) days, within which time the Commonwealth of Pennsylvania may resentence relator.

---

ceedings. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); United States ex rel. Jackson v. Myers, 374 F.2d 707 (3rd Cir. 1967); Boggess v. Boles, 251 F.Supp. 689 (N.D.W.Va.1966). In fact it has been said that the very latitude of the power possessed by the sentencing judge should augment, rather than reduce, the need for effective representation at this stage. Kadish, "The Advocate & the Expert—Counsel in the Peno-Correctional Process," 45 Minn.L.Rev. 803, 806 (1961).

2. The fact that the same attorney represents co-defendants with substantially different prior criminal records is not, in and of itself, a denial of effective assistance of counsel. United States ex rel. Bronzell v. Rundle, 294 F.Supp. 1338 (E. D.Pa. October 1, 1968).

3. There is no question but that the assignment of a single attorney for co-defendants is not, in and of itself, a denial of effective assistance of counsel. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Berriel, 371 F.2d 587 (6th Cir. 1967).