**STATE of Iowa, Appellee,**

v.

**Frederick Dean CAREY, Appellant.**

**No. 65709.**

Supreme Court of Iowa.

June 17, 1981.

Rehearing Denied July 9, 1981.

---

Gregory T. Racette, of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen., and Eric M. Knoernschild, Asst. Black Hawk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

In a number of felony cases we have refused to adopt the ABA standards for review of criminal sentences. The question here is whether we should adopt those standards for reviews in aggravated misdemeanor cases. The answer is no; we believe the same standard should prevail.

Under that standard we affirm the trial court.

The defendant was convicted by his guilty plea of the crime of assault with intent to inflict serious injury in violation of section 708.1(1), The Code. A presentence investigation was ordered. From it and from the showing made the trial court learned that the charge arose from an attack perpetrated by the defendant upon the victim in Waterloo, Iowa, November 21, 1979. The two were passengers in different cars. They engaged in a verbal dispute as the cars proceeded down a Waterloo street. While the car in which defendant was riding stopped at an intersection it was rear-ended by the car in which the victim was a passenger.

Occupants of both cars left their vehicles and a fight ensued. The victim was injured when the defendant struck him several times with a tire iron. The victim was rendered unconscious and was treated at a local hospital for a broken nose and five broken or chipped teeth.

The statute to which defendant entered his guilty plea provides:

A person commits an assault when, without justification, the person does . . . [a]ny act which is intended *to cause pain or injury to*, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

§ 708.1(1). According to section 708.2(1) the assault is an aggravated misdemeanor if it is perpetrated "with intent to inflict a serious injury upon another."

According to the presentence report the defendant subscribed to the State's foregoing version of the event, except he denied using the tire iron in the assault. The report indicated that the defendant was not cooperative with the presentence investigator and did not seem to take his criminal charges seriously. The presentence investigator recommended that defendant be sentenced to a term of "not to exceed two years" in an Iowa correctional facility. This was done. In a per curiam

opinion filed by this court September 17, 1980, the indeterminate sentence was vacated and the case was remanded for resentencing, 299 N.W.2d 908. Indeterminate sentences are not applicable in misdemeanor cases. *State v. Wilson,* 294 N.W.2d 824 (Iowa 1980).

On remand a hearing was held for resentencing. Defendant's counsel again urged at length for a suspended sentence. He especially urged that the court consider the fact defendant was unemployed. Counsel claimed that his client had been unsuccessfully looking for jobs. It was urged that defendant was in fact remorseful and that he could be rehabilitated outside the prison system.

The trial court nevertheless sentenced defendant to two years imprisonment. Before passing sentence the trial court detailed the matters it took into consideration, including the mitigating circumstances urged by defense counsel. Notwithstanding defendant's young age and minor criminal record, the trial court was impressed by the serious nature of defendant's conduct. The trial court did not believe defendant had attempted restitution and was skeptical that defendant was in any way remorseful for the attack.

■ I. In urging that we should adopt the ABA standards for review of sentences in aggravated misdemeanors, defendant points to the somewhat different role of the sentencing judge in such cases. He acknowledges our persistent refusal to adopt the standards in other cases. *See State v. Killpack,* 276 N.W.2d 368, 373 (Iowa 1979); *State v. Hubbs,* 268 N.W.2d 188, 191 (Iowa 1978); *State v. Moreland,* 252 N.W.2d 465, 466 (Iowa 1977); *State v. Smith,* 244 N.W.2d 325, 326 (Iowa 1976); *State v. Peckenschneider,* 236 N.W.2d 344, 348 (Iowa 1975). A procedure for sentencing is not set out in Code sections 901.2 and 901.5 (relating to sentencing in general) and in sections 907.3 and 907.5 (relating to deferred judgments, deferred sentences, suspended sentences and probations). In addition, Iowa R.Crim.P. 22(3)(d) requires that the trial court "state on the record its reasons for selecting the particular sentence." We think our statutory procedure is ample to satisfy the demands of justice. It is wholly unnecessary to add the ABA standards. We again decline to do so.

Defendant believes that our holding in *Wilson,* 294 N.W.2d at 826, pointing out the difference between felony and aggravated misdemeanor sentences, shows that we treat the two classes of crimes differently. In sentencing for an aggravated misdemeanor the judge decides the specific length of the term. Defendant argues "[i]t is this added dimension to the trial court's sentencing discretion in aggravated misdemeanor cases which ... distinguishes this case ...." We do not believe this added responsibility for the trial judge calls for a different standard for review. Notwithstanding any additional duty that might exist for a sentencing judge in misdemeanor cases, we prefer to apply the same standard in the review of all criminal sentences.

■ II. Under the existing test the sentence imposed here fell easily within the trial court's discretion. The judgment did not exceed the statutory maximum. Hence we would interfere only if an abuse of the trial court's discretion appeared. *State v. DeVan,* 205 N.W.2d 699, 700 (Iowa 1973). Moreover:

> The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual. [Authority.]

*State v. Kendall,* 167 N.W.2d 909, 911 (Iowa 1969). There was no abuse.

■ III. Defendant separately argues that the two-year sentence was so grossly disproportionate to the nature and severity of the crime as to constitute cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

Punishment may be cruel and unusual in violation of the 8th Amendment to the constitution either because it inflicts torture or is otherwise barbaric or because it is so excessively severe that it is disproportionate to the offense charged.

*State v. Robbins*, 257 N.W.2d 63, 68 (Iowa 1977). In *State v. Kyle*, 271 N.W.2d 689, 693 (Iowa 1978), we quoted from *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859, 874–75, reh. denied, 429 U.S. 875, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976):

> [T]he inquiry into "excessiveness" has two aspects. First, the punishment must not involve the unnecessary and wanton infliction of pain. Second, the punishment must not be grossly out of proportion to the severity of the crime.

In view of the viciousness of the attack we cannot find that either of the two tests noted in *Gregg* was met. The sentence did not constitute cruel and unusual punishment.

AFFIRMED.