STATE of Iowa, Plaintiff-Appellee,

v.

Joe Dean BRAGG, Defendant-Appellant.

No. 85–85.

Court of Appeals of Iowa.

March 31, 1986.

Thomas M. Walter, of Johnson, Bauerle, Hester & Walter, Ottumwa, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Christie J. Scase, Asst. Atty. Gen., and R. Kurt Swaim, Davis Co. Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ., but considered en banc.

SCHLEGEL, Judge.

During a rather heated neighborhood confrontation with name-calling and threats from both sides, the defendant hit one Saner with a pipe fracturing Saner's elbow.

As a result of the altercation, defendant was charged with willful injury in violation of Iowa Code section 708.4 and intent to commit serious injury in violation of section 708.2. The defendant pleaded not guilty and gave notice of reliance upon his defense of self-defense.

Defendant was tried to a jury who found him guilty of intent to inflict a serious injury in violation of sections 708.1 and 708.2(1).

## I.

■ Defendant claims the trial court erred in submitting the two charges to the jury. We agree with the state that we need not address the issue of whether there was substantial evidence to support a finding that the victim was seriously injured.

Defendant was convicted of the lesser offense and proof of intent to inflict serious injury is sufficient to support that charge. Actual serious injury need not be proven. Iowa Code § 708.2(1)(1983). Defendant argues the court's failure to dismiss the higher charge was not proper and that by instructing on the willful injury charge the court may have prejudicially influenced the jury. We disagree.

In the absence of some showing of prejudice, or at least the likelihood of error in instructions as to a greater offense or high degree of crime where the accused is convicted of a lesser offense or lower degree, there are no grounds for reversal. *See State v. Sharpe*, 304 N.W.2d 220, 225 (Iowa 1981). There being no claim made that any evidence received on the greater offense would not be admissible on the lesser offense we fail to find any prejudice occurred.

## II.

Defendant was committed to the custody of the director of adult corrections for a term not to exceed two years, ordered to pay costs including those of his court-appointed attorney, and make restitution to the victim of $522.85.

Defendant contends the court abused its discretion in imposing the sentence and considered inappropriate matters in determining defendant's sentence and relied on factors which are the equivalent of unprosecuted higher charges. *See State v. Messer*, 306 N.W.2d 731, 732 (Iowa 1981).

This case is subject to limited review. *See State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). The Iowa Supreme Court has said:

> [D]ecisions of the trial court are cloaked with 'a strong presumption in [their] favor'.... [T]o overcome this presumption of regularity requires an affirmative showing of abuse and the burden rests upon the party complaining.
>
> This burden is heavy, indeed, for it can only be sustained by showing abuse *and* prejudice. In the words of a leading treatise on discretion: '... the action complained of must have been unreasonable in the light of attendant circumstances—the discretion must have been exercised for *reasons clearly untenable* or to an *extent clearly unreasonable*'.

*Id.* at 494; (quoting *State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978) (emphasis in original)).

In sentencing a defendant, the trial court:

... should weigh; and consider all pertinent matters in determining proper sentence, *including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform.* The courts owe a duty to the public as much as to the defendant in determining a proper sentence. The punishment should fit both the crime *and the individual.*

*State v. Carey,* 306 N.W.2d 740, 742 (Iowa 1981) (emphasis added) (quoting *State v. Kendall,* 167 N.W.2d 909 (Iowa 1969)).

At sentencing the trial court made the following statement:

The law requires, Mr. Bragg, that I tell you why I have imposed the type of sentence that I have. The court has considered your situation carefully for the past several weeks since the jury returned its verdict of guilty. I must tell you that I totally agree with the jury's decision. They did not believe your version of the facts any more than I do.

The jury found that you assaulted a fellow human being with the intent to cause a serious injury to him. You brutally broke another man's arm during an attack that was unprovoked and uncalled for. And if you have reached the age of 29 and have just today learned that it's a wrong thing to do, I feel very sorry not only for you, but the other people who are around you. But bad enough as that was, Mr. Bragg, and it was plenty bad, it pales into insignificance with your behavior after the assault itself took place.

After the assault took place, you then concocted a bald-faced lie to try to cover your tracks. And if that were not bad enough, you then even prevailed upon your wife and your two employees to come into this Court and support your lie by deliberately lying themselves. I am today asking the County Attorney to investigate their behavior and determine if charges of perjury should be filed against them, and if additional charges of perjury and subordination of perjury should be filed against you.

The law requires nothing of a person in a trial case, Mr. Bragg, except that they appear in Court. You were not required to testify. You did not need to prove your innocence. To the contrary, the law presumed that you were innocent. The State must prove your guilt, and its burden is a very heavy one, that of beyond a reasonable doubt. If a person decides to give up their right to remain silent and to testify, the law, however, insists that he tell the truth about what happened and not deliberately and intentionally lie about it.

But your unlawful actions did not even stop there, Mr. Bragg. Even during the very trial of this case you sat right in front of me and that jury and committed yet another crime, the attempted intimidation of witnesses who were called by the State to testify. You used facial gestures and eye contact in an aggressive threatening manner to attempt to frighten, intimidate, and possibly silence some of the people who were called here to testify. That was a performance this Court cannot and will not overlook and ignore.

It appears to this Court that you seem to think that you are a tough guy, the kind of person who can and does do what he pleases regardless of how it may affect those around them. You tried to pretend on the witness stand that you were upset about the health of one of your children. But you also sat there and forced your wife to commit perjury for you, an act which could send her to prison and away from the very child you claim to care so much about.

You demonstrated to this Court's satisfaction, Mr. Bragg, that your real concern was not for your child or your wife, but yourself. Where you are going, you will find out about tough, Mr. Bragg. You will see people whose behavior is so repulsive and antisocial that it will scare even you. You will see people who have killed another for a cigarette, people who have raped, cheated, lied, killed and stolen their way into prison. You will find out that you are a lamb among the lions,

Mr. Bragg, and not nearly so tough as you think you are today. And then, maybe for the first time in your life, you will feel the same fear that you have caused in others. You will discover how it feels to be a victim or a potential victim for a change. I hope that you will find the time in confinement a sobering, life-altering experience. The purpose of the sentence is to assist you to learn to modify your behavior so that you may be a productive, useful citizen in society and not one who's a menace and a threat to his neighbors.

I have considered probation as a possible sentence, but the whole purpose of probation is to help someone who acknowledges that they broke the law and intend to lead a new life. You, to this very minute, deny any wrong doing. You renewed your story to the preparer of the presentence investigation report. Furthermore, I feel that your life is so out of control that you need more help than John Howard can give you by seeing you once a week for the next year. And I think that the facts in this case, the unprovoked assault itself, the lying under oath, and the attempted intimidation of witnesses during the trial of your case would be unduly diminished by a sentence of probation, particularly where you do not acknowledge that you have done anything wrong.

You will notice that the sentence I have rendered is for an indeterminate term not to exceed two years. How much actual time you will spend in confinement is entirely up to you. If you behave yourself, you will be out in a fairly short period of time. If you do not, it will be longer. The length of your confinement, therefore, is entirely up to you.

The defendant contends the trial court abused its discretion.

■ The decisions of the trial court are cloaked with a strong presumption in their favor, and until the contrary appears, the presumption is the discretion of the trial court was rightfully exercised. To overcome this presumption of regularity re-

quires an affirmative showing of abuse, and the burden of so showing rests upon the defendant. The burden is heavy and can be sustained by showing abuse and prejudice. *See State v. Stanley,* 344 N.W.2d 564, 568 (Iowa App.1983).

We do not believe defendant has met this burden.

Section 901.5 spells out what a criminal sentence should accomplish:

After receiving and examining all pertinent information, including the presentence investigation report, if any, the court shall consider the following sentencing options. The court shall determine which of them is authorized by law for the offense, and of the authorized sentences, which of them or which combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.

At the time fixed by the court for pronouncement of judgment and sentence, the court shall act accordingly:

1. If authorized by section 907.3, the court may defer judgment and sentence for an indefinite period in accordance with chapter 907.

2. If the defendant is not an habitual offender as defined by section 902.8, the court may pronounce judgment and impose a fine.

3. The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence or any part of it as provided in chapter 907.

4. The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both.

5. If authorized by section 907.3, the court may defer the sentence and assign the defendant to the judicial district department of correctional services.

6. The court may pronounce judgment and sentence the defendant to confine-

ment and then reconsider the sentence as provided by section 902.4 or 903.2.

7. The court shall inform the defendant of the mandatory minimum sentence, if one is applicable.

The trial court shall state on the record its reasons for selecting a particular sentence. Iowa R.Crim.P. 22(3)(d).

Defendant claims that the trial court's statement of reasons shows that the court's exercise of discretion was on grounds and for reasons that were clearly untenable, and clearly unreasonable. *State v. Pappas*, 337 N.W.2d at 494. It is claimed that the sentence was imposed (1) as punishment for offenses believed to have been committed during trial, (2) because defendant did not show remorse or admit guilt, or (3) to place defendant in fear.

The sentence was within the statutory guidelines for sentences of persons found guilty of an aggravated misdemeanor. Accordingly, we will interfere only if the court's reasons clearly show an abuse of discretion. *State v. Carey*, 306 N.W.2d 740 (Iowa 1981). The criteria for sentencing are stated as follows:

> The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.

■ In unequivocal and accusatory language, the sentencing court demonstrated his feelings of the defendant as a person. We believe, however, the statements made by the court show that it was considering the nature of the offense, the character and propensities of the defendant, and the chances for defendant to reform. The court expressed the opinion that the defendant was untruthful, was unrepentant, and was a bully whose rehabilitation and reformation were likely to require more

than probationary supervision. While the language used by the court was strong and specific, we are not prepared to require that sentencing judges speak only in general, unspecific phrases in stating their reasons for the sentence. It is required that sentencing judges give reasons, on the record, for the particular sentence which is imposed. The more clearly those reasons are stated, the easier becomes the job of the appellate court in determining whether there has been an abuse of discretion. *See State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983).

The sentencing judge, in this case, agreed with the jury's disbelief of defendant's testimony. He characterized it, however, as a "bald faced lie." In considering defendant's character, the sentencing judge could properly consider his opinion of the defendant's truth and veracity. The fact that the trial judge, who had an opportunity to observe the defendant during trial, both in testifying and in his general deportment during the trial, felt that he may have committed perjury and encouraged others to do so also, buttressed his belief that defendant was an untruthful, unrepentant bully. The trial judge believed that defendant tried to manipulate the judicial process by which he was convicted. Such options affected the court's belief as to the chances of defendant's rehabilitation.

■ I. Defendant claims that the court considered offenses believed to have been committed by defendant during trial, and as a result, imposed a more severe punishment. The court may not rely upon prior unprosecuted offenses in imposing sentence, unless those offenses are admitted to by defendant or the facts before the court show the accused committed the offense. *State v. Hansen*, 344 N.W.2d 725, 730 (Iowa App.1983); *State v. Messer*, 306 N.W.2d 731, 732–33 (Iowa 1981). Here the basis upon which the trial court believed defendant was untruthful under oath, and influenced others to testify untruthfully occurred at the trial from which the challenged sentence originated. It does not appear that the commission of those of-

fenses, if they were committed, was relied upon by the court in imposing the sentence, except to consider that defendant gave false testimony. It is not an abuse of the court's discretion to consider defendant's truth and veracity in determining the defendant's character and propensities and chances for rehabilitation.

■ II. Defendant believes the court imposed a more severe sentence because he did not show remorse or admit guilt. Defendant doesn't claim the court has sentenced him to incarceration because he chose to stand trial. We do not believe that the court's comments suggest that defendant would have received a lesser sentence had he pleaded guilty. In this case, the court did not indicate such a result in this case, nor that he carried out such a policy in deciding upon the sentence here. Courts must be careful to avoid any action or suggestion that a defendant's choice to stand trial will cause a more severe punishment than that which he would suffer had he pleaded guilty. In *State v. Nichols*, 247 N.W.2d 249, 256 (Iowa 1976), the Iowa Supreme Court stated:

> The trial court must carefully avoid any suggestions in its comments at the sentencing stage that it was taking into account the fact defendant had not pleaded guilty but had put the prosecution to its proof.

To make this statement more complete, we add that the sentencing judge must not only avoid any *suggestions in its comments*, but also must avoid penalizing the defendant, by way of an enhanced sentence, for exercising his right to insist upon trial.

> His constitutional right to require the Government to a conclusion of the trial and to establish guilt by independent evidence should not be exercised under the shadow of a penalty. . . .

■ The sentencing judge here referred to defendant's failure to acknowledge his guilt even after conviction by the jury. We do not believe consideration of the defendant's lack of remorse or acknowledgment of the jury's finding of his guilt as influ-

encing his attitude about the incident was an abuse of the court's discretion. Once again, the defendant's attitude was considered by the court in its determination of the needs of the defendant to accomplish his rehabilitation.

■ III. Finally, defendant claims the court abused its discretion by sentencing him to the penitentiary to cause him to experience fear. Defendant implies that the court is sending him to the penitentiary to expose him to danger, and that this portion of the sentence is motivated by vengeance. Defendant is correct when he states that vengeance is not one of the statutory criteria for sentencing. *See* § 901.5, Code of Iowa (1985). However, we do not believe that the record demonstrates an abuse of discretion in the court's discussion in this respect. The court felt the defendant was, by nature, a bully who thought himself to be a "tough guy." The court's concept of the penitentiary is that it contains inmates who are likely to cause the defendant anxiety and fear so that he may get a feeling for the fear that he has caused in others.

Defendant doesn't claim that incarceration in prison is cruel and unusual punishment. The judge was graphic in his description of the prison surroundings he expected defendant to find during his incarceration. He did not direct that defendant be subjected to the hazards he mentioned, but impressed upon defendant those attributes of character which he felt defendant needed to alter. To that end, he suggested defendant might feel as threatened as did his victim and others around him. We hold that the sentencing judge did not abuse his discretion in determining what defendant's needs for rehabilitation were, and we find that the description of the place of confinement or how defendant might feel about those surroundings was not an effort to cause him fear, other than to encourage him to alter his conduct.

The court told defendant the following:

> The purpose of the sentence is to assist you to learn to modify your behavior so

that you may be a productive, useful citizen in society and not one who's a menace and a threat to his neighbors.

Rehabilitation, avoidance of a repetition of such offenses by defendant and others, and the protection of society are the goals of sentencing in Iowa. § 901.5, Code of Iowa (1985).

Although the court's explanation was direct, accusatory, and unpleasant to defendant, it did not demonstrate that the sentence imposed or the reasons for it were the result of an abuse of discretion.

AFFIRMED.

OXBERGER, C.J., and SNELL, J., concur.

DONIELSON, J., specially concurs.

HAYDEN and SACKETT, JJ., dissent.

DONIELSON, Judge (specially concurring).

I concur but wish to add certain views of my own. Trial courts are granted wide discretion in sentencing, *see State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983), yet I feel the sentencing courts face an unenviable, no-win position. As to sentencing statements, I think the trial courts are basically damned if they do and damned if they do not.

The policies behind sentencing seem to be at loggerheads. On the one hand, we want judges to consider all the factors in the record and presentence report and be open and frank about their sentencing decisions, *see State v. Carey*, 306 N.W.2d 740, 742 (Iowa 1981), while, on the other hand, we do not want judges considering any impermissible factors during sentencing, or to be biased or prejudiced. *See State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981); *State v. Nichols*, 247 N.W.2d 249, 256 (Iowa 1976).

The judge in this case clearly stated a legitimate and proper reason for the sentence he imposed and then went on to make comments about the defendant and about his observations of the defendant, his demeanor and conduct in the courtroom and the judge's reaction to the gravity of the crime as it applies to this particular defendant. This particular information is available in our record only because of the judge's observations and comments. It enables us to grasp the "feel" of a case that cannot be conveyed to us in another way. Appellate courts should not further diminish this type of information in the record, but rather should encourage it. The federal courts have long ago recognized the value of a full and complete discussion of sentencing by a trial judge. *See Owens v. United States*, 383 F.Supp. 780 (M.D.Pa. 1974), *aff'd.* 515 F.2d 507 (3d Cir.1975), *cert. denied* 423 U.S. 996, 96 S.Ct. 425, 46 L.Ed.2d 371 (1975); *U.S. ex rel. Thompson v. Rundle*, 294 F.Supp. 933 (E.D.Pa.1968). *See also United States v. Cluchette*, 465 F.2d 749, 754 (9th Cir.1972) ("During the course of sentencing, the judge expressed the view that [defendant] had been less than candid in his sworn testimony. We find nothing offensive in the judge's comments. A sentencing judge cannot put out of his mind the impressions a defendant may give while on the stand and should not try to sentence in a mental vacuum"). State courts have reviewed similar comments made by a trial judge to a defendant at sentencing and found the judge was not biased or prejudiced. *See Commonwealth ex rel. Hendrickson v. Myers*, 182 Pa.Super. 169, 174, 126 A.2d 485, 487 (1956) (In *Myers*, the appellate court stated that the trial judge immediately before sentencing said to the defendant:

This Court tried to help you many years ago by placing you on probation when you were charged with burglary as a boy. You committed a serious crime there.... This Court was so anxious to help you and to make a man of you that instead of sending you away, as we might have done, we placed you on probation in charge of Miss Bright, the Probation Officer. We did not hear any more about you after that until this occurrence here. That should have taught you several things. It should have taught you in the first place, that it is

foolish, it is stupid, it is just plain dumb, to commit crimes. There is nothing gained by it. You are no richer than you were because of these crimes. You haven't won any respect from anybody. Everybody that knows you will now despise you. They will look down upon you. Everybody of any intelligence, everybody of any standing or decency now looks down upon you as just a stupid, common criminal. Now can you think of anything that could be said in your own favor? I can't think of anything.

*Id.*

If appellate courts constantly reverse and remand sentences which contain proper reasons for sentencing which also go on to state other reasons and observations, then sentencing will turn into a ritualistic proceeding. The record on appeal from such proceedings will be so sanitized that we appellate judges may very often be wondering if the sterile record before us contains any of the *true* reason(s) for the sentencing decision. One can well imagine a small typewritten paragraph included in the bench book that gives the magic words sufficient to avoid reversal on appeal, but sanitized to contain nothing of real feeling and basic substance as to what happened and why.

Rather than forcing trial courts to turn sentencing into a formalistic and hypertechnical proceeding, I believe that if the sentencing judge states proper reasons based on appropriate foundations in the record, then we should not look beyond that point. I see absolutely nothing wrong, and as a matter of fact I think it should be encouraged, in a judge speaking freely, openly and expansively to the defendant, lecture, cajole, empathize, sympathize, show compassion, warmth, and comprehension, show anger, umbrage, ire and indignity. These are human emotions that are meaningful to the person before the court, emotions they understand and can easily comprehend. To go by rote in an emotionless ritual loses its human values and is less effective for the purpose for which the

sentence was intended. It is a "showdown" where society, as represented by the judge, confronts a defendant for his antisocial conduct as represented by violation of laws under a constitutional legal system. A ritualistic, meaningless spew of words do not impress on a defendant the gravity nor the importance of this final (or mostly so) confrontation for his violation of his public responsibility. The time of sentencing is a desirable place for the judge to let his feeling be known, if he indeed wishes to do so, and, if not, so be it.

It would be a rare occasion indeed where I would entertain any suggestion that the judge said too much to the defendant at the sentencing confrontation.

SACKETT, Judge (concurring in part and dissenting in part).

I concur with the majority in affirming defendant's conviction. However, unlike my fellow judges, I would remand for resentencing.

I recognize our review of a sentence is limited and the decisions of the trial court are cloaked with a strong presumption in their favor. *See State v. Pappas,* 337 N.W.2d 490, 494 (Iowa 1983); *State v. Stanley,* 344 N.W.2d 564, 568 (Iowa App. 1983); *State v. Messer,* 306 N.W.2d 731, 732 (Iowa 1981).

To overcome the presumption of regularity of a sentence defendant must show abuse and prejudice. He must show trial court's discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable. *Pappas* at 494.

Defendant contends incarceration for the purpose of placing the defendant in fear and exposing him to danger is not a tenable reason for imposition of a penitentiary sentence and demonstrates an abuse of discretion. I determine the trial court's remarks give rise to the conclusion he is sending the defendant to prison to meet the tough guys and be a victim or potential victim. Furthermore, the trial court's statement that the whole purpose of probation is to help *someone who acknowledges that they broke the law* ... and he chastised defend-

ant for denying any wrongdoing. Admission of guilt is not a requisite for probation.

HAYDEN, J., joins this partial dissent.