**IN THE COURT OF APPEALS OF IOWA**

No. 3-1191 / 12-0982
Filed February 5, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**COLE JON WRAGE,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


Defendant appeals his sentence. **AFFIRMED.**


Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary Triick, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**DANILSON, C.J.**

Cole Wrage appeals his sentence imposed by the district court. He contends the district court abused its discretion by failing to recite adequate reasons and relying on improper factors in imposing sentence. He also contends counsel provided ineffective assistance at sentencing. Although the district court used strong language at sentencing, it was sufficiently supported by the record and did not constitute reliance upon an unproven claim or crime. We also find the district court properly exercised its discretion and gave sufficient reasons for the sentence. Finally, we conclude counsel was not ineffective. We affirm.

**I. Backgrounds Facts and Proceedings.**

On April 27, 2011, Wrage was pulled over by officers. During the course of the stop, the officers searched the vehicle and found nine grams of marijuana as well as other drug paraphernalia. Wrage was arrested and charged with possession of a controlled substance (marijuana), third offense.

On August 29, 2011, officers executed a search of a residence where Wrage was sleeping. Officers found a methamphetamine lab, as well as items commonly used in the manufacturing of the drug. The owner of the residence admitted to the officers that he had allowed Wrage to manufacture methamphetamine in the residence in the past. Wrage was charged with manufacture of a controlled substance and/or conspiracy to manufacture a controlled substance (methamphetamine); possession of ephedrine and/or pseudoephedrine with the intent to manufacture a controlled substance; possession of lithium with the intent to manufacture a controlled substance; and possession of ether with the intent to manufacture a controlled substance.

Wrage pled guilty to each of the five charges. As recommended by the State, he was sentenced for a term of incarceration not to exceed thirty years, with a one-third mandatory minimum before the opportunity of parole. Wrage appeals.

## II. Standard of Review.

Our review is for correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Thomas*, 547 N.W.2d at 225. The consideration by the trial court of impermissible factors constitutes a defect in the sentencing procedure. *Id.* If a court considers unprosecuted and unproven charges, we remand for resentencing. *Formaro*, 638 N.W.2d at 725.

## III. Discussion.

### A. Improper Sentencing Factor.

We first address Wrage's claim the sentencing court erred by considering an unproven claim when determining the appropriate sentence. In making his assertion, Wrage relies specifically on the court's statement:

> Mr. Wrage, were it so simple as to be concerned with you only destroying your own life, that would be one thing. But you're doing far beyond that. You're putting this poison into the stream of

commerce to destroy not just yourself, but anyone else that it comes into contact with. You've got an abysmal drug record and you have been through this treatment program before and here you are yet once more. So I don't accept the notion that you have learned anything or that you intend to change. You have demonstrated time and time and time again that you're committed to a life of misery, a life of drug abuse and a life of inflicting your misery on other people. And so you richly deserve what has been recommended here today and that is what I am going to go with.

. . . .

The point, Mr Wrage, is simply this, you have chosen the life that you want to live, you have chosen to want to inflict harm not just upon yourself but upon others as well. So if you won't stop on your own, then we have no choice but to stop you this way.

Sentencing courts may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense or (2) the defendant admits it. *State v. Jose,* 636 N.W.2d 38, 41 (Iowa 2001). In somewhat different phraseology, our supreme court has stated, "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges *unless the defendant admits to the charges* or there are facts presented to show the defendant committed the offenses." *Formaro,* 638 N.W.2d at 725 (emphasis added).

The State argues the court made a "reasonable inference" Wrage intended to manufacture the controlled substance for the use of others, rather than for merely personal use. We agree.

When a sentence is challenged on the basis of improperly considered, unproven criminal activity, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on. There is no general prohibition against considering other criminal activities by a defendant as factors that bear

on the sentence to be imposed." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). However, if a court uses any improper consideration in determining a sentence, resentencing is required. *Grandberry*, 619 N.W.2d at 401. This is true even if the improper factors are a "secondary consideration." *Id.* We are not free to "speculate about the weight the trial court mentally assigned to [the improper factors]." *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981). Consideration of information obtained from outside the record is a defect in the sentencing procedures that requires a remand for resentencing. *Id.*

We acknowledge that Wrage was not charged with an intent to deliver or delivery of a controlled substance, and he never admitted delivery to the extent of the transcript of the proceedings provided to us.[1] Nonetheless, the presentence investigation report gave the defendant's version of the crimes and stated in part, "The defendant reports that on August 27, some guys picked him up to go to their trailer. He had a bottle with him that contained some lithium in his backpack, a HCL generator that he admits were all belonging to him." One of the crimes to which Wrage pled guilty was manufacture of a controlled substance and/or conspiracy to manufacture a controlled substance. The controlled substance alleged to be involved was methamphetamine. The official version of the facts also set forth in the presentence investigation stated that another individual "admitted to providing pseudoephedrine for the purpose of manufacturing methamphetamine and allowing [Wrage] to use his residence to do so." Defense

---

[1] The better practice is to provide the transcript of the sentencing proceedings as well as the guilty plea proceedings. Here, we were only provided the sentencing transcript.

counsel was asked during the sentencing hearing if there were any additions or corrections to the presentence investigation report and counsel indicated, "no."

Although we acknowledge the district court's use of the phrase, "putting this poison into stream of commerce" might suggest Wrage was involved in the unproven crime of delivery of methamphetamine, we think there is sufficient evidence in the record that Wrage was asked to manufacture methamphetamine for other individuals, and the manufacture of the controlled substance was not just for his use but for the use of his co-conspirators as well. Although the line was nearly crossed, we think the import of the district court's statement relates to the fact that Wrage had others involved in the criminal activity and he was not just affecting his own life by the manufacture of methamphetamine. Although the district court used strong language, the facts before the court dissuade us that the court relied upon unproven criminal activity. Moreover, judges need not only speak in "general unspecific phrases in stating their reasons for the sentence." *See State v. Bragg*, 388 N.W.2d 187, 191 (Iowa 1986) (concluding "strong and specific" language was not sufficient to constitute an abuse of discretion).[2]

---

[2] In *Bragg*, 388 N.W.2d at 194, the special concurrence authored by Judge Allen Donielson elaborated:

> If appellate courts constantly reverse and remand sentences which contain proper reasons for sentencing which also go on to state other reasons and observations, then sentencing will turn into a ritualistic proceeding. The record on appeal from such proceedings will be so sanitized that we appellate judges may very often be wondering if the sterile record before us contains any of the *true* reason(s) for the sentencing decision. One can well imagine a small typewritten paragraph included in the bench book that gives the magic words sufficient to avoid reversal on appeal, but sanitized to contain nothing of real feeling and basic substance as to what happened and why.

> Rather than forcing trial courts to turn sentencing into a formalistic and hypertechnical proceeding, I believe that if the sentencing judge states proper reasons based on appropriate foundations in the record,

Accordingly, we conclude there was no defect in the sentencing procedure.  *See Grandberry*, 619 N.W.2d at 401.

### B. Adequate Sentencing Reasons.

Wrage contends the district also failed to state adequate reasons for imposing the sentence.  *See State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980) ("[W]hen a trial court fails to state on the record its reasons for the sentence imposed, the sentence must be vacated and the case remanded for amplification of the record and resentencing.").

In criminal cases the court is to "state on the record its reasons for selecting the particular sentence."  Iowa R. Crim. P. 2.23(3)(d).  We review both the court's stated reasons made at the sentencing hearing and its written sentencing order.  *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001).  The statement of reasons can be "terse and succinct," as long as its brevity does not hinder review of the district court's discretion. *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981).  A court has provided an adequate statement for our review when it "recites reasons sufficient to demonstrate the exercise of

---

then we should not look beyond that point.  I see absolutely nothing wrong, and as a matter of fact I think it should be encouraged, in a judge speaking freely, openly and expansively to the defendant, lecture, cajole, empathize, sympathize, show compassion, warmth, and comprehension, show anger, umbrage, ire and indignity.  These are human emotions that are meaningful to the person before the court, emotions they understand and can easily comprehend.  To go by rote in an emotionless ritual loses its human values and is less effective for the purpose for which the sentence was intended.  It is a "showdown" where society, as represented by the judge, confronts a defendant for his antisocial conduct as represented by violation of laws under a constitutional legal system.  A ritualistic, meaningless spew of words do[es] not impress on a defendant the gravity nor the importance of this final (or mostly so) confrontation for his violation of his public responsibility.  The time of sentencing is a desirable place for the judge to let his feeling be known, if he indeed wishes to do so, and, if not, so be it.

discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed." *State v. Garrow*, 480 N.W.2d 256, 259–60 (Iowa 1992).

> At sentencing the district court stated:

> Mr. Wrage, were it so simple as to be concerned with you only destroying your own life, that would be one thing. But you're doing far beyond that. You're putting this poison into the stream of commerce to destroy not just yourself, but anyone else that it comes into contact with. You've got an abysmal drug record and you have been through this treatment program before and here you are yet once more. So I don't accept the notion that you have learned anything or that you intend to change. You have demonstrated time and time and time again that you're committed to a life of misery, a life of drug abuse and a life of inflicting your misery on other people. And so you richly deserve what has been recommended here today and that is what I am going to go with.

After imposing sentence the court further stated, "The point, Mr. Wrage, is simply this, you have chosen to want to inflict harm not just upon yourself but upon others as well. So if you won't stop on your own, then we have no choice but to stop you this way."

The strongly worded reasons include the fact that Wrage is a recidivist who has had multiple opportunities to correct his life's path, and who has chosen not to do so as reflected by the commission of new crimes. The court also noted that a past treatment program had been unsuccessful. Further, his criminal activity involved others. We think the succinct and terse statement provides ample record to review and constitutes adequate reasons for the sentences imposed. We find no abuse of discretion.

**C. Ineffective Assistance of Counsel.**

We generally preserve ineffective-assistance-of-counsel claims for postconviction-relief proceedings. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011); *see also* Iowa Code § 814.7(3) (2011) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). We prefer to reserve such claims for development of the record and to allow trial counsel to defend against the charge. *Id.* If the record is inadequate to address the claim on direct appeal, we must preserve the claim for a postconviction-relief proceeding, regardless of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Wrage claims defense counsel provided ineffective assistance at sentencing because counsel failed to ensure that the district court asked if there was any legal cause why judgment and sentencing should not now be imposed. We find this argument to be without merit as Wrage has not alleged any legal cause existed that should have been addressed before judgment and sentencing were announced. Furthermore, the record reflects Wrage had a full opportunity to make a statement in allocution and the district court otherwise substantially complied with its duties. *See Rhiner v. State*, 703 N.W.2d 174, 179-180 (Iowa 2005) (citing *State v. Craig*, 562 N.W.2d 633, 635 (Iowa 1997) ("[S]entencing courts need only to be in substantial compliance with sentencing procedures in

order to satisfy those procedures.")); *see also Hantsbarger v. Coffin,* 501 N.W.2d 501, 504 (Iowa 1993) ("Substantial compliance is 'compliance in respect to essential matters necessary to assure the reasonable objectives of the statute.'" (quoting *Superior/Ideal, Inc. v. Bd. of Review*, 419 N.W.2d 405, 407 (Iowa 1988))).

**AFFIRMED.**