# IN THE COURT OF APPEALS OF IOWA

No. 4-057 / 13-0984
Filed March 12, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DESTINY LYNN CHAMBERS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Howard County, George L. Stigler, Judge.

A defendant appeals her prison sentence for possession of a firearm by a felon. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Joseph M. Haskovec, County Attorney, and Alex Koenigs, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**TABOR, J.**

Destiny Chambers appeals the prison sentence imposed following her guilty plea to possession of a firearm by a felon, in violation of Iowa Code section 724.26(1) (2011). She argues the district court considered an impermissible factor in determining her sentence. She also contends the court ordered an improper civil penalty. Chambers asks for a new sentencing hearing.

Because the district court admitted into evidence, over defense counsel's objection, a psychological assessment of Chambers ordered in an unrelated case, and because that assessment alluded to unprosecuted criminal activity by Chambers, we conclude resentencing is required. In addition, the parties agree no statutory authority exists for the civil penalty. Accordingly, the civil penalty may not be reinstated at the resentencing.

## I. Background Facts And Proceedings

As a convicted felon, Destiny Chambers is not allowed to knowingly possess a firearm.[1] On October 14, 2011, law enforcement executed a search warrant of Chambers's residence. During the search Chambers handed the officers a .40 caliber Glock handgun that was in a bag with a fifteen-round clip. She admitted she should not be in possession of a gun.

On December 5, 2011, the State charged Chambers with possession of a firearm by a felon, in violation of section 724.26(1). Chambers entered a guilty plea on February 4, 2013. As part of the plea agreement, the State dismissed

---

[1] "A person who is convicted of a felony in a state or federal court, . . . and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm or offensive weapon is guilty of a class 'D' felony." Iowa Code § 724.26(1).

several other charges,[2] and the parties were free to argue the appropriate sentence on the felon-in-possession offense. At the sentencing hearing Chambers argued for probation, while the State argued for incarceration. On May 29, 2013, the district court sentenced Chambers to a prison term not to exceed five years. It also imposed and suspended a $750 fine with a thirty-five percent surcharge. The court imposed a $200 civil penalty in the written judgment order. Chambers now appeals the sentence.

## II.    Standard of Review

A sentence is reviewed for errors at law. Iowa R. App. P. 6.907. Sentencing decisions carry a strong presumption in their favor. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). We will reverse a sentence only if the defendant demonstrates an abuse of the district court's discretion or a defect in the sentencing procedure, such as the court considering an impermissible factor. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). When a court uses any improper consideration, even if it is a secondary consideration, resentencing is required. *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981).

## III.    Analysis

A sentencing court cannot consider unproven or unprosecuted offenses unless the defendant admits to them or facts are presented to prove them. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). We will not infer the court considered an improper factor if it is not apparent from the record. *Id.* Our goal is not to second guess the sentencing decision but to determine if the decision

---

[2] In exchange for her guilty plea, the State dismissed three unrelated charges filed against Chambers subsequent to the felon-in-possession offense.

rests on an untenable or improper ground. *See State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978).

During the May 29, 2013 sentencing hearing, the State offered a psychological evaluation of Chambers completed on January 25, 2013, in connection with an unrelated child-in-need-of-assistance (CINA) action. The State indicated defense counsel had received a copy of the evaluation. Defense counsel objected to the admission of the evaluation into evidence at the sentencing hearing because the preparer was not present for cross-examination. Counsel argued the presentence investigation (PSI) provided sufficient information to the court concerning his client's substance abuse treatment and other disorders. The court "noted [the] objections" but received the evaluation as an exhibit.

The evaluation—conducted by Dr. Joseph Breitenstein to assess Chambers's "general personality functioning and parenting potential"—contains information from Lutheran Services of Iowa worker Jennifer Dailey-Oaks. Dailey-Oaks reported Chambers "frequently comes up with excuses and often makes numerous requests for gas cards, etc., and then will use the gas or tangible services provided, but not go to appointments, etc., and gamble, stay at nice hotels, and use drugs." Dr. Breitenstein then wrote Chambers "has manipulated the treatment system to her advantage, essentially stealing money for drug use and other sensation seeking when she was supposed to be using this for traveling to see her children."

Our record does not show the State charged Chambers with theft or drug offenses in connection with that alleged conduct nor did she admit to committing such offenses.

The sentencing court stated:

> I did read the report of the psychological evaluation of Ms. Chambers conducted by Dr. [Breitenstein]. I guess my reading of that report and my reading of the presentence report would cause me to take some question as to whether Ms. Chambers really has learned much and whether she has the ability to follow the rules.
>
> I heard her testimony that she has made changes since the last three months and that she's now able and willing to follow rules, but that has not proven to be the case for the last many years and according to Dr. [Breitenstein], probably won't be the rule for quite some time to come. Ms. Chambers, clearly with seven commitments to prison, you seem committed to live your life as Dr. [Breitenstein] would indicate, that you seem to think that the rules don't apply to you and that you take some personal pleasure in not following rules or living up to expectations and that you seem to desire to follow your own path in life and do precisely whatever it is that you want to do, whatever the rules may be to the contrary. This is at least to my analysis in keeping with your personality and how you have chosen to live your life up to this point.

The court acknowledged reading the psychologist's report and considering his evaluation of Chambers along with the presentence investigation report. The court referred to the psychologist's opinion two more times while giving its reasons for rejecting probation. The psychologist's opinion regarding Chambers's noncompliance in the CINA case incorporated his belief she was "stealing proceeds from gas cards"—an uncharged and unproven allegation of theft. The judge's statements indicate he considered the psychologist's opinion, which relied on factual circumstances surrounding an unprosecuted offense. Because we cannot evaluate the influence of those factual circumstances, we

must strike down the sentence. *See State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982).

The State argues we should presume the sentencing court ignored any inappropriate information in the psychological evaluation, citing *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (discerning no reliance on improper factors which would overcome presumption of regularity in sentencing). The State made the same argument in *State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004), citing *Sailer's* presumption of regularity. We cannot entertain that presumption on this record.

Although sentencing hearings need not conform to all requirements of a criminal trial, fundamental fairness is required. *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990). Where the district court allows in evidence intended to influence the sentencing selection—over the objection of defense counsel—we can no longer assume the court did not consider impermissible information contained in the challenged evidence. *See Matheson*, 684 N.W.2d at 244 (reasoning that by overruling the defendant's objection to the victim impact statements, the court determined the evidence was admissible at the sentencing hearing and nothing in the record indicated the court changed its mind before pronouncing sentence). Under *Matheson*,[3] once defense counsel unsuccessfully

---

[3] The dissent accurately distinguishes *Matheson* as involving out-of-state victim impact statements, a factor not at play here. But the dissent reads *Matheson* too narrowly. The prejudice recognized in *Matheson* did not flow from the mere submission of impact statements from people who did not meet the statutory definition of victim, but rather from the fact the statements contained information regarding unrelated crimes committed in another state. *See State v. Tesch*, 704 N.W.2d 440, 453–54 (Iowa 2005)

challenged the exhibit,[4] the sentencing judge was not merely aware of the uncharged offenses but could be presumed to have incorporated them into the sentencing decision. *See id.* (explaining the State was not "rescued" by holding in *Ashley*, 462 N.W.2d at 282 (requiring affirmative showing sentencing court relied on uncharged offense)).

Because we cannot speculate about the weight the sentencing court "mentally assigned" to impermissible information in the psychologist's evaluation, or "whether it tipped the scales to imprisonment," we must vacate the sentence and remand for resentencing. *See Messer*, 306 N.W.2d at 733. We have no way to know what sentence would have been pronounced without consideration of the evaluation's references to unproven offenses. *See State v. Thomas*, 520 N.W.2d 311, 314 (Iowa Ct. App. 1994). Accordingly, we reverse and remand for resentencing without consideration of the impermissible information contained in Dr. Breitenstein's evaluation.[5] We do not suggest what the sentence should be. *Messer*, 306 N.W.2d at 733.

Furthermore, the State and Chambers agree the district court erred in imposing a civil penalty of $200. The court did not cite any statutory authority for the civil penalty. The legislature authorized civil penalties for sex offenses and in

---

(distinguishing *Matheson* and finding no prejudice where impermissible victim impact statement did not discuss unproven crimes).

[4] The dissent asserts the exhibit was admissible and the district court's evidentiary ruling was correct. Those assertions are debatable, given the fact the evaluation was admitted separately from the PSI report. *See Ashley*, 462 N.W.2d at 281 (opining information available to the State before the sentencing hearing must be part of the PSI); *see also* Iowa Code §§ 901.3, 901.4 (listing information about the defendant's mental health and substance abuse issues as part of the confidential PSI).

[5] We do not rule out the possibility the evaluation could be redacted to omit the objectionable contents.

connection with deferred judgments. *See* Iowa Code §§ 692A.110(2), 907.14(3). Neither of those code sections is in play here. The $200 civil penalty is vacated and shall not be reinstated when Chambers is resentenced. *See State v. Keutla*, 798 N.W.2d 731, 735 (Iowa 2011).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Vogel, P.J., concurs; McDonald, J. concurs in part and dissents in part.

**MCDONALD, J.** (dissents in part)

I concur in the conclusion the civil penalty was not authorized by statute and must be vacated. However, because Chambers has not carried the heavy burden of establishing the sentencing court abused its discretion in imposing the remainder of the sentence, I would affirm the remainder of the sentence.

"The [sentencing] decisions of the trial court are cloaked with a strong presumption in their favor . . . ." *State v. Stanley*, 344 N.W.2d 564, 568 (Iowa Ct. App. 1983). It is the defendant's burden to overcome the presumption of regularity by making an affirmative showing that the trial court abused its discretion. *See id.* This burden is "heavy." *Id.* Where the defendant alleges the sentencing court took into consideration an impermissible sentencing factor, such as unproved or unprosecuted offenses, the presumption of regularity can be overcome only where there is "clear evidence" the sentencing court actually relied on the impermissible factor in exercising its broad sentencing discretion. *Sailer*, 587 N.W.2d at 764. This strong presumption of regularity is afforded the sentencing court due to our "great confidence in judges" to exercise their discretion appropriately. *See id.* We will neither "assume a judge failed to do so" nor infer a judge failed to do so without clear evidence in the record to the contrary. *Id.*; *see Formaro*, 638 N.W.2d at 725.

Relying on *Matheson*, 684 N.W.2d at 244, the majority states that it "cannot entertain" the long-standing presumption the sentencing court exercised its discretion appropriately. Instead, the majority states it presumes the opposite because Dr. Breitenstein's report was admitted into evidence over defendant's

objection. This result is not required by *Matheson*. In *Matheson*, the sentencing court allowed out-of-state victims of similar but separate crimes committed by the defendant to present statements at sentencing. *See* 684 N.W.2d at 244. This was in clear contravention of the wholly statutorily-created right of victims to present statements. *See id*; Iowa Code § 915.10(3) (defining "victim" as a person who suffered harm as a result of an offense committed in this state); Iowa Code § 915.21(1) (providing a "victim" may present an impact statement at sentencing). Thus, the question presented in *Matheson* was not whether the court considered unprosecuted or unproved charges; the statements were from victims of crimes for which defendant was convicted. Instead, the "sole issue" presented in *Matheson* was whether the legal error of allowing impact statements of persons not "victims," within the meaning of the statute, to be presented at sentencing was harmless. *See* 684 N.W.2d at 243. The *Matheson* court itself recognized the issue was "exceptionally narrow." *Id.* In addressing that narrow issue, the *Matheson* court presumed the sentencing court considered the impact statements because the court allowed the statements to be presented over the objection of counsel. It is a fair presumption that a sentencing court takes into consideration the statements and evidence admitted at sentencing. Given that presumption, however, the sentencing court's consideration of the victim impact statements could not be harmless error as consideration of any part of any of the statements *necessarily* was improper because the statements, *in their entirety*, were inadmissible. *Matheson* thus involved the question of whether the presumption of regularity should be set aside when the sentencing court commits

legal error arising from the consideration of inadmissible evidence. That is not this case.

Here, Chambers objected to Dr. Breitenstein's report on the grounds that he could not confront and cross-examine the preparer of the report. The sentencing court noted the objections but received the exhibit. On appeal, Chambers does not challenge the ruling. It appears that the district court correctly received the exhibit based on the merits of the objection actually made as opposed to other possible objections that could have been made. *See Stanley*, 344 N.W.2d at 570 ("Sentencing procedures are governed by different evidentiary rules than the trial itself. The sentencing judge should be in possession of the fullest information possible concerning the defendant's life and characteristics and should not be denied an opportunity to obtain pertinent information by rigid adherence to restrictive rules of evidence properly applicable to trial."); *State v. Cole*, 168 N.W.2d 37, 41 (Iowa 1969) ("During sentencing procedure defendant does not have a constitutional right to confront all witnesses against him. . . . But the sentencing judge may consider information, even though obtained outside the courtroom, from persons whom the defendant has not been permitted to confront or cross-examine."). This case thus presents the question of whether the presumption of regularity afforded the sentencing court should be disturbed when it correctly admits an exhibit into evidence over the objection of counsel.

The majority concludes that the district court's correct evidentiary ruling reverses the presumption of regularity and creates a presumption of irregularity

that requires the sentencing court to specifically negate consideration of any piece of information relating to an impermissible sentencing factor contained in an otherwise admissible exhibit. I conclude that this case is controlled by *Sailer*. When the district court considers admissible evidence that might contain stray pieces of information relating to impermissible sentencing factors, we presume that the sentencing court "will filter out improper or irrelevant evidence" without requiring the sentencing court to negative each and every piece of information that might possibly relate to uncharged or unproved conduct. *Sailer*, 587 N.W.2d at 764. That presumption can be overcome only by the defendant making an affirmative showing that the sentencing court considered the impermissible information in making its sentencing determination. As set forth in *Sailer* and the numerous cases cited therein, this requires a fairly explicit statement by the sentencing court that it relied on the impermissible information. While the sentencing court here acknowledged that it relied on the doctor's report in making its sentencing determination, there is no indication that the court was sentencing this defendant for unprosecuted or unproved offenses that may or may not be referenced in the report.

"Trial courts are granted wide discretion in sentencing." *State v. Bragg*, 388 N.W.2d 187, 193 (Iowa Ct. App. 1986) (Donielson, J., concurring). Competing policy considerations "seem to be at loggerheads," however, placing sentencing courts in an "unenviable, no-win position." *Id.* "On the one hand, we want judges to consider all the factors in the record and presentence report and be open and frank about their sentencing decisions, . . . while, on the other hand,

we do not want judges considering any impermissible factors during sentencing . . . ." *Id.* "If appellate courts constantly reverse and remand sentences which contain proper reasons for sentencing which also go on to state other reasons and observations, then sentencing will turn into a ritualistic proceeding." *Id.* at 194. "Rather than forcing trial courts to turn sentencing into a formalistic and hypertechnical proceeding, . . . if the sentencing judge states proper reasons based on appropriate foundations in the record, then we should not look beyond that point." *Id.*

With these things in mind, I cannot embrace a rule that creates a presumption the sentencing court abused its discretion when it considers admissible evidence simply because defense counsel objects. Nor do our cases require such a result. It is one thing to say, as in *Matheson*, that we can presume the district court committed non-harmless error when it erroneously considered inadmissible evidence. It is another thing to say, as here, that we can presume the district court abused its discretion when it committed no error in admitting an eight-page exhibit that may contain one or two statements that, arguably, refer to unproved offenses. Accordingly, I respectfully dissent.