# IN THE COURT OF APPEALS OF IOWA

No. 14-0374
Filed October 15, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TINA LYNN THACKER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, James D. Birkenholz, District Associate Judge.

Appeal from the conviction and sentence following a guilty plea to harassment in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Bell, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Tina Thacker was charged with harassment in the first degree. Pursuant to a plea agreement, she pleaded guilty to harassment in the second degree, in violation of Iowa Code section 708.7(3) (2013). The record reflects Thacker appeared in person with counsel and submitted a written petition to plead guilty. The signed petition included a waiver of time before sentencing and a waiver of the right to a verbatim record of the plea and sentencing hearing. The plea and sentencing court accepted Thacker's guilty plea and sentenced Thacker to one year in jail, said sentence suspended. The sentencing order provided "the plea agreement" was the reason for the sentence. The sentencing order does not indicate whether the court considered any other factor or factors at sentencing. Thacker now challenges her conviction and sentence.

Thacker first contends her attorney rendered constitutionally deficient performance by not challenging the plea. Specifically, Thacker contends her counsel should have challenged the plea because the plea agreement was not adequately disclosed in the petition and sentencing order and because there was no verbatim transcription of the plea colloquy. We conclude the argument is without merit.

Thacker has not demonstrated any prejudice. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010) (noting an ineffective-assistance claim may be resolved on the prejudice prong without considering whether counsel breached an essential duty). She does not contend the State failed to honor the plea agreement. Nor does she contend the district court failed to honor the plea

agreement. Nor does she contend she did not understand the plea agreement. Instead, her only argument is that counsel was ineffective for not challenging the plea solely because the plea agreement was not written into the blank section of the form reserved for the same and the colloquy was not reported. There is no indication in this record Thacker would have insisted on going to trial had the terms of the plea agreement been set forth in the form. There is no indication in this record that Thacker would have insisted on going to trial had the colloquy been reported. The failure to demonstrate she would have insisted on trial defeats her claim. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006) ("[I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.").

Second, the record does not identify any error supporting arrest of judgment. The sentencing order provided as follows:

> The Court has reviewed the signed petition to plead guilty and considered the statements of the Defendant. The Court finds the Defendant understands the charge, the penal consequences, and the constitutional rights being waived. Based on the statements of the Defendant, statements of the prosecutor, and the minutes of testimony accepted as true by the Defendant and considered by the Court, the plea has a factual basis and is knowingly, voluntarily, and intelligently made.

We presume Thacker's attorney "rendered competent representation" and Thacker "bears the burden to prove otherwise." *See Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008). Likewise, the court's actions are cloaked with a strong presumption of regularity. *See State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). The burden of overcoming the presumption rests on the party

complaining. *State v. Stanley*, 344 N.W.2d 564, 568 (Iowa Ct. App. 1983). It is Thacker's obligation to provide us with "a record affirmatively disclosing the error relied upon." *See State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995); *State v. Ludwig*, 305 N.W.2d 511, 513 (Iowa 1981). Thacker could have used procedural mechanisms to create an adequate record in lieu of reporting. *See* Iowa R. App. P. 6.806 (providing a mechanism "to create a record of a hearing . . . for which a transcript is unavailable"); Iowa R. Crim. P. 2.25 (allowing the party "to make the proceedings . . . appear of record which would not otherwise so appear"). With no record in support of her claim, Thacker has failed to overcome the presumption counsel acted competently has not demonstrated that she was prejudiced by any alleged error. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "will not speculate as to what was said" during the plea and sentencing colloquy. *See State v. Washington*, 308 N.W.2d 422, 424 (Iowa 1981).

Thacker also contends the court failed to give adequate reasons for the sentence. Iowa Rule of Criminal Procedure 2.23(3)(d) provides the sentencing court "shall state on the record its reason for selecting the particular sentence." However, when a court is merely "giving effect to the parties' agreement . . . the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Because the court's sentence was not a result of an exercise of discretion, but rather a result of giving effect to the plea agreement, the court gave sufficient reasons for the sentence imposed and did not abuse its discretion. *See id.*; *see also State v.*

*Cason*, 532 N.W.2d 755, 757 (Iowa 1995) (finding no abuse of discretion where sentencing court "was merely giving effect to the parties' agreement"); *State v. Palmer*, No. 00-0897, 2001 WL 310895, at *1 (Iowa Ct. App. Apr. 2, 2001).

For the foregoing reasons, the defendant's convictions and sentence are affirmed.

**AFFIRMED.**

Doyle, J., concurs; Vaitheswaran, P.J., dissents.

**VAITHESWARAN, P.J.** (dissenting)

I respectfully dissent. I would conclude the district court abused its discretion in citing "plea agreement" as its reason for the sentence, when no plea agreement is apparent in the record. I would also preserve Thacker's ineffective-assistance-of-counsel claim for postconviction relief proceedings. *See State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004). Absent delineation of the plea agreement, I would find the record inadequate to determine whether the plea was entered voluntarily and intelligently, as required by Iowa Rule of Criminal Procedure 2.8(2)(b), and whether counsel was ineffective in failing to challenge the plea on this ground.