# IN THE COURT OF APPEALS OF IOWA

No. 14-0723
Filed March 11, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DALE BENJAMIN BUCK,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.


　　　　Defendant appeals his sentence on the ground the court relied on an impermissible sentencing consideration.  **AFFIRMED.**


　　　　Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

　　　　Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Nicholas Scott, Assistant County Attorney, for appellee.


　　　　Considered by Vogel, P.J., McDonald, J., and Mahan, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, J.**

Dale Buck pleaded guilty to one count of incest, in violation of Iowa Code sections 726.2 and 903B.2 (2011), and was sentenced to an indeterminate term of incarceration not to exceed five years. On appeal, Buck challenges his sentence, contending the sentencing court considered unreliable information at the time of sentencing.

I.

This matter came on for sentencing on April 1, 2014. Prior to the time of sentencing, the Sixth Judicial District Department of Correctional Services prepared a presentence investigation report ("PSI"). The PSI contained a psychosexual screening statement prepared by a psychologist. The psychologist opined Buck could benefit from sex offender programming and that a more complete psychological evaluation was warranted. The foundation of the psychologist's opinion and recommendation was her understanding of the nature of the offense, the results from six administered assessments, and her interview with Buck. A summary of the result from each of the six administered assessments was contained in the psychosexual screening statement, including the result from the Sexual Adjustment Inventory ("SAI"). The SAI purports to identify sexually deviant and paraphilia behaviors in adults.

At sentencing, Buck's counsel objected to the SAI because it lacked scientific rigor:

> [DEFENSE COUNSEL]: . . . I believe that this—at least there should be a footnote as part of this sentencing that this [the SAI] is something that was just created more or less out of whole cloth, the Sexual Adjustment Inventory. I would ask the Court to at

least in comparison to some of the other studies or some of the other inventories as part of the Presentence Investigation and the Psychosexual Evaluation—that there are other measures than this Psychosexual Eval that hold greater weight, and it appears that they're in conflict with this SAI finding.

The basis for counsel's objection was that he could not find any peer-reviewed studies regarding the reliability of the SAI. In response, the prosecutor suggested a hearing be set to allow the State to call a witness from the Department of Correctional Services to testify about the SAI methodology and use. The sentencing court concluded no further hearing was required, and the following exchange occurred:

> THE COURT: . . . while I will note your argument in the record that it shouldn't get as much weight as perhaps some of the other indices in the Psychosexual Report, I am going to consider it as part of the record in this case.
> [DEFENSE COUNSEL:] As long as the Court at least understands the argument that we ask the Court to consider it as part of the overall Psychosexual Evaluation in which there is evidence in conflict and it's one of many tests that the Department of Correctional Services uses, I'm comfortable with that your Honor.
> THE COURT: I understand that.

The district court sentenced Buck to incarceration. In imposing the sentence, the district court stated it considered the assessments in the psychosexual evaluation as well as other factors, including the defendant's age and criminal history, the nature of the offense, and the harm caused to the victim. Buck timely filed this appeal.

II.

A sentence imposed by the district court is reviewed for errors at law. *See* Iowa R. App. P. 6.907. "Sentencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). "A

sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). To prove an abuse of discretion, the defendant must show the sentencing court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *See State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983).

The State contends Buck failed to preserve error on the issue of whether the SAI should have been relied upon at sentencing. Under our error preservation rules, an issue must ordinarily be raised in and decided by the district court before we will address it on appeal. *See Stammeyer v. Div. of Narcotics Enforcement of Iowa Dep't of Pub. Safety*, 721 N.W.2d 541, 548 (Iowa 2006); *State v. Tidwell*, No. 13-0180, 2013 WL 6405367, at *2 (Iowa Ct. App. Dec. 5, 2013). The State contends defense counsel made argument regarding only the weight to be given to the SAI and not its admissibility. When the sentencing hearing is viewed as a whole, we agree with the State that Buck failed to preserve error on this issue.

The sentencing transcript reflects that defense counsel wanted to draw attention to the fact that the results of the SAI were contrary to, or at least more negative than, the results of the five other assessments used in preparing the psychosexual screening statement and that the SAI should be given less weight than the other assessments. The district court acknowledged the argument. Defense counsel indicated that he was "comfortable" with the district court's

acknowledgement and resolution of the issue. Sentencing then proceeded without further discussion of the issue. Defense counsel's consent to the district court's use of the SAI during sentencing waives error on this issue. *See State v. Garrison*, 04-0141, 2006 WL 138280, at *14 (Iowa Ct. App. Jan. 19, 2006) ("A defendant cannot both object and consent to evidence if he expects to preserve error for appeal.").

Even assuming error was preserved, we conclude the district court did not abuse its discretion in considering the SAI during sentencing. The sentencing court is required to consider "all pertinent information" at the time of sentencing. *See* Iowa Code § 901.5. In determining what information is pertinent and subject to consideration, the sentencing court is not bound by the rules of evidence. *See* Iowa R. Evid. 5.1101(c)(4). "Sentencing procedures are governed by different evidentiary rules than the trial itself. The sentencing judge should be in possession of the fullest information possible concerning the defendant's life and characteristics and should not be denied an opportunity to obtain pertinent information by rigid adherence to restrictive rules of evidence properly applicable to trial." *State v. Stanley*, 344 N.W.2d 564, 570 (Iowa Ct. App. 1983).

Here, regardless of the burden of proof, the district court did not err or abuse its discretion in considering the SAI. There is no requirement at sentencing that the State come forward with evidence sufficient to establish the reliability of the testing instrument as if this were trial. *See id.* Here, there were sufficient indicia of reliability. The psychosexual screening statement itself contains the psychologist's explanation of the SAI as a brief screening tool that

may detect sexually deviant and paraphilia behaviors. The prosecutor stated the State had reports regarding the SAI and would call a witness to testify regarding the same. Defense counsel acknowledged the corporate author of the SAI made publicly available on its website research in support of the SAI. More important, the district court did not rely on the SAI instrument; it relied on the psychologist's opinion as expressed in the psychosexual screening statement, which only referenced and summarized some information from the SAI as one of six instruments used by the psychologist in preparing the opinion. The reliability or lack of reliability of the SAI thus only goes to the weight to be given to the psychologist's recommendation, which was acknowledged by the sentencing court and defense counsel. *See Ranes v. Adams Labs., Inc.*, 778 N.W.2d 677, 693 (Iowa 2010) ("[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility."); *Williams v. Hedican*, 561 N.W.2d 817, 830 (Iowa 1997) ("The fact that a theory or technique has not been widely peer-reviewed—meaning subject to the scrutiny of the scientific community—does not necessarily brand the theory or technique as scientifically invalid."). We thus conclude the district court did not abuse its discretion or err in relying on the psychosexual screening statement and the information regarding the SAI contained therein.

III.

We have considered each of the parties' arguments, whether or not directly addressed herein, and we affirm the defendant's sentence.

**AFFIRMED.**