**IN THE COURT OF APPEALS OF IOWA**

No. 16-1540
Filed June 21, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHARLES THOMAS YOUNG,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

        Charles Young appeals from the judgment and the sentence imposed upon his guilty plea. **AFFIRMED.**

        Nathan A. Olson of Branstad Law, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Charles Young appeals the sentence imposed upon his guilty plea to driving while barred as a habitual offender, an aggravated misdemeanor, in violation of Iowa Code section 321.561 (2016). Young contends the district court abused its discretion by failing to consider other factors in sentencing and by refusing to entertain the possibility of a probationary sentence. Finding no abuse of discretion, we affirm.

**I. Background Facts and Proceedings.**

On May 22, 2016, Young was arrested for driving while barred when he was pulled over during a traffic stop. On June 21, Young was again arrested for driving while barred. Pursuant to a plea agreement, Young pled guilty to the May driving-while-barred charge, and the State dismissed the June charge. The parties agreed the State would base its sentencing request on the presentence investigation (PSI) report and Young was free to argue for an appropriate sentence.

At the September 14 sentencing hearing, the State requested that the court adopt the recommendation of the PSI for Young's sentence, which was a term of incarceration deemed appropriate by the court. Young's counsel noted that while the PSI report indicated he was unemployed, Young was now working for a demolition company fifty to sixty hours per week and being paid fourteen dollars per hour in cash. Counsel also noted Young received rides to worksites from a coworker and he now lives in Ottumwa with his girlfriend who is able to give him rides around town. Counsel argued Young had "made concrete steps in the recent months to try to get his life back on track," had frequent contact with

his children, good support from his mother, and he would begin to pay off his child support obligation now that he was employed. Counsel asked the court to suspend any sentence and place Young on probation. The court said to Young during his sentencing:

> [T]his is one of the worst criminal histories I have ever seen.
>  . . . .
> This now will be your sixth driving while barred. . . . [T]here have been ten probations granted to you that you've been unsuccessful for. . . .
> . . . You're always remorseful when you get caught and it's time to be sentenced. Unfortunately, you're not so remorseful when you're out committing the crimes and that's the problem. This has been going on for over [twenty] years, your criminal activity. It's crazy.
> Quite honestly, sir, you are absolutely not even in the realm of possibility of candidates for probation. You certainly don't deserve it, and your lifetime of being a criminal certainly doesn't warrant it. The question is what is the appropriate amount of time you should be incarcerated. . . .
> I'm not going to reward you and give you an attaboy because you broke the law again, which is basically what you're asking for here. You said, I just got out of jail in April. And here we are back again.

## II. Standard of Review.

The sentencing decision of a district court within the statutory limits is "cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that are clearly untenable or unreasonable." *Id.* at 725.

## III. Discussion.

Young argues the court failed to consider all relevant sentencing factors in determining his sentence. He also argues the court failed to consider any

sentencing possibilities other than imprisonment. Having reviewed the record, there is nothing to support a finding that the court abused its discretion.

In Young's sentencing order, the court found the following sentencing considerations set out in Iowa Code section 907.5 to be the most significant: the nature and circumstances of the crime, protection of the public from further offenses, Young's criminal history, his propensity for further criminal acts, and the maximum opportunity for rehabilitation. The court also highly valued the recommendation of the PSI.

This was Young's sixth driving-while-barred charge, and he has had ten previous probations revoked. Though the sentence must "provide the maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses," Iowa Code § 901.5, the court's finding that probation was not warranted is not unreasonable. *See State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994) (finding no abuse of discretion in denying probation in light of past revocations). We acknowledge the court did not mention rehabilitation but "[t]he failure on the part of the trial court to specifically recite [its] consideration of the issue of rehabilitation is not the type of affirmative showing of abuse envisioned by [our supreme court]." *State v. Stanley*, 344 N.W.2d 564, 569 (Iowa Ct. App. 1983). Further, the court's reference to the probation periods previously granted to Young that were revoked reflect the court's consideration that probation has been unsuccessful to rehabilitate Young.

We decline to say the court failed to consider probation because the court in fact determined Young was not a good candidate for probation in stating Young was "not even in the realm of possibility of candidates for probation." The

court also noted Young's criminal history extended over twenty years and that he had only recently been released from jail approximately five months earlier. Finding no abuse of discretion, we affirm.

Young makes a general request to preserve an ineffective-assistance-of-counsel claim. This claim "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction-relief purposes." Iowa Code § 814.7(1).

**AFFIRMED.**