# IN THE COURT OF APPEALS OF IOWA

No. 22-1367
Filed August 30, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT RANDOLPH LUKE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman

Salic, District Associate Judge.


        Scott Luke appeals his sentence for domestic abuse assault, second

offense. **AFFIRMED.**


        Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for

appellant.

        Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**AHLERS, Presiding Judge.**

Scott Luke was on probation for domestic abuse assault by strangulation and domestic abuse assault, second offense, when he was again charged with domestic abuse assault by impeding breathing or circulation of blood causing bodily injury. He reached a plea agreement with the State. Pursuant to the agreement, the State amended the new charge to domestic abuse assault, second offense, as an aggravated misdemeanor, and Luke pleaded guilty to the amended charge. The agreement permitted each party to argue for any sentence the party desired. In the meantime, the State sought revocation of Luke's probation on the prior charges. The district court combined a hearing in the probation-revocation proceedings with the sentencing hearing on the new charge. The court revoked Luke's probation on the prior charges and ordered him to serve the original sentences. On the new charge, the court sentenced Luke to a term of incarceration not to exceed two years and ordered the sentence to be served consecutively to the sentences on the prior charges. Luke appeals from the sentence imposed on the new charge. He contends the court abused its discretion by imposing the maximum term of incarceration and failed to give adequate reasons for imposition of consecutive sentences.

Because Luke appeals only his sentence rather than his guilty plea, and the sentence is neither mandatory nor agreed to as part of the plea agreement, Luke has established good cause to appeal even though he pleaded guilty. *See* Iowa Code § 814.6(1)(a)(3) (2022) (requiring a defendant who pleaded guilty to a charge other than a class "A" felony to establish good cause in order to appeal); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding good cause when the defendant

challenges a sentence that is neither mandatory nor agreed to as part of the plea agreement rather than the plea itself). As Luke does not claim the sentence was outside statutory limits, the sentence "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *See Damme*, 944 N.W.2d at 105–06 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (2002)). It is Luke's burden to show an abuse of discretion. *See State v. Stanley*, 344 N.W.2d 564, 568 (Iowa Ct. App. 1983) ("To overcome this presumption of regularity requires an affirmative showing of abuse, and the burden of so showing rests upon the party complaining."). We do not second-guess the sentencing decision because the sentencing judge is afforded a significant amount of latitude due to "the 'discretionary nature of judging and the source of respect afforded by the appellate process.'" *Damme*, 944 N.W.2d at 106 (quoting *Formaro*, 638 N.W.2d at 725). As a result, we do not vacate a sentence unless it was imposed "on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (quoting *Formaro*, 638 N.W.2d at 725).

As noted, Luke claims the district court abused its discretion in imposing the maximum term of incarceration and not suspending it. One theme of Luke's claim is that Luke was in jail on the new charge for several months prior to entry of his guilty plea and sentencing, and that stretch in jail was adequate punishment. He also contends there were mitigating factors, including his mental-health history, being improperly medicated at the time of the offense, and the trauma he suffered due to the recent death of his child. He also highlights the fact that at least one of his children is involved with a child-in-need-of-assistance proceeding, which would

provide additional restrictions on and oversights of him. Luke contends these are mitigating factors that warranted probation.

Luke's arguments do not persuade us that he met his burden to show that the district court's decision was based on grounds or reasons that were clearly untenable or unreasonable. *See id.* The district court gave these reasons for imposing the prison sentence:

> Okay, Mr. Luke, at the time of sentencing I'm required to impose a sentence that I feel is appropriate to meet your needs for rehabilitation and also to do what's necessary to protect the community and your specific victim from any further offenses by you or by others. There's a number of things that factor into that: your age; your prior criminal history; your employment, family, and personal circumstances I've been made aware of; the nature of the offense; the recommendation of parties; and anything else I've learned about you throughout the proceeding. Those considerations are also taken into account in a probation disposition and also, obviously, performance on probation, how minimal you've been towards rehabilitation and that sort of thing. I'm going to include consideration of the victim impact statement . . . .
>
> [Victim impact statement is read.]
>
> . . . Mr. Luke, you know, obviously during the reading of the victim impact statement, you had difficulty even listening to that and kind of restraining yourself. I totally get that you don't agree with some of the things that she said. I'm unable to attribute any sort of cause for PTSD on your victim's part or any of those sorts of things so, I mean, there's limited things in that that I can consider, but I certainly can consider your almost inability to contain yourself despite your attorney's efforts. You've committed at this point at least with these two cases I have here two assaults against this woman and you appear to have no remorse for that.
>
> THE DEFENDANT: I do have remorse.
>
> THE COURT: You appear to minimize your behavior.
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And you keep interrupting me, which isn't helpful, okay?
>
> THE DEFENDANT: Sorry ma'am.
>
> THE COURT: At some point you have to interact with people differently than you do. That may be impacted if you aren't taking your medications or whatever is going on, I don't have any clue on those things, but, you know, that's something that's within your control whether you take your medications as prescribed or not. You

obviously need them, they're beneficial when you take them, and I don't know if that factored into the situation or not. You obviously have a lot of things going on in your family dynamic. The department is involved; you've lost a child, which is heartbreaking for any parent. You're obviously without the coping mechanisms to deal with that in a healthy, law-abiding way. Those circumstances have been in place for a long time with the department. I think it's even something that I was told when we had your sentencing on your other case, which was I think a year ago tomorrow, and things are not improving. The idea of continuing to try to handle this where you do something illegal, you get arrested, you sit in jail for a while, you get out, it's just going to keep repeating itself until you make some significant changes, and I recognize, you know, that you had some positive things going for a while. You know, you had a job, you apparently were otherwise compliant with your probation, you know, and all those other things that [defense counsel] listed, doing the [Iowa Domestic Abuse Program], but, you know, none of that was sufficient to keep us from getting back in here and having the same thing all over again, and, you know, there's a point at which the scale kind of tips on whether we believe we can address your issues in the community or whether you need to be in prison, and, you know, Mr. Luke, we're at that point.

So on the sentencing matter for [the new charge], I'm going to impose the indeterminate prison term not to exceed two years. That is not suspended for the factors I've stated previously.

Luke points to nothing in these statements that he claims amounted to clearly untenable or unreasonable grounds for the district court's sentencing decision. His argument amounts to nothing more than asking us to second-guess the district court's decision, which is not our role. *See id.* ("Our task on appeal is not to second-guess the sentencing court's decision."). We reject Luke's claim that the district court abused its discretion in imposing the maximum term of incarceration and not suspending it.

Luke's challenge based on the district court's failure to give reasons for consecutive sentences is a much closer call. The rule requiring the sentencing court to state reasons for choosing a particular sentence includes the obligation to give reasons for imposing consecutive sentences. *State v. Hill*, 878 N.W.2d 269,

273 (Iowa 2016).  The only thing stated on the record as to consecutive sentences occurred after the above-quoted statements by the district court, when the court added: "With respect to the probation revocation matter, the defendant's probation on each count is revoked.  Those were previously ordered to be served consecutively, and the court finds they shall continue to be served consecutively to each other and also to [the new charge]."

We agree with the State's concession that this explanation standing alone would be insufficient to permit us to review the district court's exercise of discretion in making the decision to run this sentence consecutive to Luke's sentence in the probation-revocation case.  *See id.* at 274 (finding reasons for imposing consecutive sentences insufficient when the record left the supreme court "unsure whether the stated reasons for the sentence applied to both the decision to reject Hill's request for a suspended sentence and the decision to make his sentence consecutive").  But we also agree with the State that the district court can satisfy the requirement of giving reasons for imposing consecutive sentences by stating the reasons on the record or by stating them in the written sentencing order.  *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014) ("The district court can satisfy [Iowa Rule of Criminal Procedure 2.23(3)(d), requiring reasons for the sentence be stated on the record] by orally stating the reasons on the record or placing the reasons in the written sentencing order."); *State v. Hanson*, No. 22-1774, 2023 WL 4530261, at *3 (Iowa Ct. App. July 13, 2023) ("The record includes not just the reasons stated during the sentencing hearing but also the reasons set out in the written sentencing order.").

Here, the written sentencing order following the sentencing hearing stated:

IT IS THEREFORE ORDERED that taking into account defendant's age, attitude, criminal history, and employment, financial and family circumstances, as well as the nature of the offense, including whether a weapon or force was used in the commission of the offense, the recommendations of the parties, and other matters reflected in the court file and record, for the protection of society and rehabilitation of defendant:

. . . **For the reasons set forth above and/or stated on the record, the sentence shall be served CONSECUTIVELY to the sentence(s) imposed in [the probation revocation matter].**

We find this statement of reasons sufficient—by the slimmest of margins—to explain the decision to impose consecutive sentences, so we reject Luke's challenge on this basis. That said, we echo the supreme court's statement in *Hill* encouraging "sentencing courts to give more detailed reasons for a sentence specific to the individual defendant" and to "explicitly state the reasons for imposing a consecutive sentence." 878 N.W.2d at 275. The spirit of the requirement of giving reasons for imposing consecutive sentences would be better met by stating specific reasons on the record rather than in nonspecific language in the written sentencing order that follows.

Finding no abuse of the district court's sentencing discretion, we affirm.

**AFFIRMED.**