# IN THE COURT OF APPEALS OF IOWA

No. 22-1116
Filed August 30, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES THOMAS LOCKWOOD JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lyon County, Charles Borth, Judge.


        James Lockwood appeals following his conviction for manufacturing marijuana. **AFFIRMED.**


        Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Presiding Judge.**

Following a series of deliveries, a driver for a package-delivery company became suspicious that James Lockwood was growing marijuana in his home, so he contacted law enforcement. As a result of the tip, law enforcement officers began an investigation that ultimately led to a search warrant being executed at Lockwood's home. The execution of the warrant turned up five marijuana plants, a "grow" tent, chemicals, and potting soil in Lockwood's bedroom. The search also uncovered marijuana paraphernalia, a notebook containing notes about growing plants, and a magazine about growing marijuana.

The State charged Lockwood with manufacturing marijuana, and the matter proceeded to jury trial. At trial, Lockwood testified that he has a license to possess or otherwise use medical cannabis from South Dakota, though he conceded it is not valid in Iowa.[1] He stated he preferred to use marijuana to treat various ailments he claimed to have.[2] Lockwood also admitted growing marijuana in his bedroom.

During jury deliberations, the jury sent a note to the court asking, "Could [Lockwood] get the penalty for possession as opposed to manufacturing? Do you have that ability to do that and still have him guilty[?]". The court responded, "Please review the jury instructions as provided." About fifteen minutes later, the

---

[1] Lockwood also admitted he did not have the South Dakota license at the time he was arrested.

[2] Lockwood also testified he gave his dog marijuana to treat ailments he claimed the dog had.

jury returned a verdict form that it had altered. The alteration is reflected in the image below:

_____

FORM OF VERDICT NO. 1

*possession*

We find the defendant guilty of ~~Manufacturing~~ Marijuana.

When the jury returned this verdict form to the court on the record, the court explained to the jury that "[u]nfortunately, the jury doesn't have the authority to change the charge." The court then gave the jury a new verdict form and instructed the jury to deliberate on the charge actually presented in the case. After the jury left the courtroom to continue deliberation, Lockwood moved for a mistrial, contending the jury reached a verdict that he was not guilty of the charged offense. The court deferred its ruling on the motion until the jury returned a verdict. A short time later, the jury returned a guilty verdict. The court ultimately denied Lockwood's motion for mistrial.

Lockwood then filed a motion for new trial or mistrial, which the district court denied. At sentencing, the State recommended Lockwood be sentenced to a suspended prison term and probation. Lockwood sought a deferred judgment and probation. The court denied Lockwood's request for a deferred judgment, adjudicated him guilty of the offense, and sentenced him to a term of incarceration not to exceed five years. The court suspended the sentence and placed Lockwood on probation.

Lockwood appeals, raising several claims. We address each in turn.

## I.  Medical-Necessity Instruction

We first address Lockwood's claim that the district court erred by denying his request for a medical-necessity instruction.  Specifically, he wanted the marshaling instruction altered to state, "If the State has proved both of the elements, the defendant is guilty of manufacturing marijuana *unless you find that the defendant had a medical necessity to use marijuana, in which case you must find him not guilty*." (Emphasis added.)  We review challenges to jury instructions for legal error.  *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016).  "We review jury instructions to decide if they are correct statements of the law and are supported by substantial evidence."  *State v. Liggins*, 557 N.W.2d 263, 267 (Iowa 1996).

Lockwood's argument runs into a significant roadblock in the form of controlling caselaw—namely *State v. Bonjour*.  *See generally* 694 N.W.2d 511 (Iowa 2005).  In *Bonjour*, our supreme court rejected medical necessity as a viable defense to manufacturing marijuana.  *Id.* at 513–14.  Still, Lockwood contends significant legal changes since *Bonjour*, specifically the enactment of the Medical Cannabidiol Act, *see* 2017 Iowa Acts ch. 162, warrant a conclusion that *Bonjour* is no longer controlling law.  We disagree.

Certainly, Iowa Code chapter 124E (2021) now permits limited use of medical cannabidiol under specific conditions.  Iowa Code section 124E.12(2) even enumerates an affirmative defense to a charge of manufacturing medical cannabidiol under specific and limited conditions.  But Lockwood does not qualify

for that affirmative defense.[3]  To the extent Lockwood asks us to go beyond the specific affirmative defenses defined by the legislature in section 124E.12 and establish a common-law defense of medical necessity, we will not.  The legislature made a determination of values by outlawing the manufacture of marijuana within the general public, a fact that remains unchanged since *Bonjour, see* Iowa Code § 124.401(1)(d), which effectively forecloses a common-law necessity defense. *Bonjour*, 694 N.W.2d at 512–13.  We conclude *Bonjour* is still a correct statement of the law.  This means Lockwood's proposed instruction was not a correct statement of the law, and the district court correctly rejected it.

## II.     Sufficiency of the Evidence[4]

Next, we address Lockwood's claim that his conviction is not supported by sufficient evidence.  Sufficiency-of-evidence claims are reviewed for correction of errors at law.  *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022).  Jury verdicts bind us if they are supported by substantial evidence.  *Id.*  Evidence is substantial if it is sufficient to convince a rational factfinder that the defendant is guilty beyond a reasonable doubt.  *Id.*  In assessing whether evidence is substantial, "we view

---

[3] Medical cannabidiol manufacturers must be licensed with the State, and the State may select up to two manufacturers to license.  *See* Iowa Code §§ 124E.5, .6. Lockwood does not claim to be a licensed medical cannabidiol manufacturer.

[4] We also note Lockwood attempts to piggyback a weight-of-the-evidence challenge onto his sufficiency challenge.  However, these are two different claims that require distinct briefing and arguments.  Challenges to the weight of the evidence are limited to consideration of whether the district court abused its discretion when independently weighing the evidence to determine if the defendant should receive a new trial or if the district court applied the incorrect standard when ruling on the motion for new trial.  *See State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).  Lockwood makes no such argument with respect to the weight of the evidence, and we will not develop an argument on his behalf.  We address his weight-of-the-evidence claim no further.

the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)).

Lockwood argues Iowa Code section 124.401(1)—which prohibits the manufacturing of marijuana—is intended to prohibit people from manufacturing marijuana for the purpose of distributing it to other people. He argues that because there is no evidence that he had such intent, he cannot be guilty.

Lockwood is incorrect because his argument adds words to the statute that simply are not there. In questions of statutory interpretation, we look to the language of the statute to determine its meaning. *Nahas v. Polk Cnty.*, 991 N.W.2d 770, 780–81 (Iowa 2023). Here, the text of the statute is quite clear. The statute makes it "unlawful for any person to manufacture" a controlled substance. Iowa Code § 124.401(1). Lockwood points to no exception, statutory or otherwise, that exempts manufacturing marijuana for personal use from criminal liability. As such, the statute does not require the State to establish any intent to distribute to others to establish Lockwood illegally manufactured marijuana. *See id.*[5]

The statute provides additional clarity by defining the relevant terms at issue here. "'Manufacture' means the production, preparation, propagation, compounding, or processing of a controlled substance . . . ." *Id.* § 124.101(19). "'Production' includes the manufacture, planting, cultivation, growing, or harvesting of a controlled substance." *Id.* § 124.101(28). The State presented substantial

---

[5] We recognize that the same statute also makes it unlawful for any person to "deliver, or possess with intent to manufacture or deliver" a controlled substance. Iowa Code § 124.401(1). But the fact that there are other ways of violating the statute does not negate the statute's clear prohibition on manufacturing.

evidence that Lockwood knowingly grew marijuana in his bedroom through photos of the grow tent and its setup, testimony from the investigating officers, lab testing confirming the plants were marijuana plants, and Lockwood's own testimony that he was growing the marijuana because he preferred to treat his and his dog's various ailments with it.[6]  His conviction for manufacturing marijuana is supported by sufficient evidence.

### III.    Motions for Mistrial or New Trial

Lockwood next challenges the district court's refusal to grant his motions for mistrial and new trial.  He focuses on the jury's modification of the verdict form and whether the district court properly required the jury to deliberate further after it produced the altered verdict form.[7]  We review the denial of a mistrial for an abuse of discretion.  *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017).  Likewise, we

---

[6] The marshaling instruction required the State to establish the following:
> 1. On or about April 6, 2021, in Lyon County, Iowa, the defendant manufactured marijuana.
> 2. The defendant knew that the substance he manufactured was marijuana.
> If the State has proved both of the elements, the defendant is guilty of manufacturing marijuana.  If the State has failed to prove either of the elements, the defendant is not guilty.

While marshaling instructions are the law of the case for purposes of sufficiency-of-the-evidence challenges when not objected to at trial, *see State v. Mathis*, 971 N.W.2d 514, 518 (Iowa 2022), Lockwood did object to this instruction and sought to modify the language to add a medical-necessity component as previously discussed.  As we have rejected Lockwood's claim that he was entitled to a medical-necessity instruction, we consider the unchallenged portion of the instruction, elements one and two, as the law of the case for purposes of this sufficiency-of-the-evidence challenge.

[7] To the extent Lockwood tries to raise a constitutional claim on this basis, he has not preserved error because he did not raise any constitutional challenges to the district court.  *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal.").

generally review the district court's denial of a motion for new trial for an abuse of discretion. *See Ary*, 877 N.W.2d at 706.

Lockwood contends "the jury effectively returned a verdict of not guilty" by modifying the first verdict form. He goes on to argue "it was evident by the jury questions that the jury did not want to convict Lockwood of manufacturing." So, he reasons, the court should have granted his motion for mistrial when the jury returned the second time with a guilty verdict.

When viewing the jury's conduct through a neutral lens, we conclude there are multiple possible interpretations of it. While Lockwood speculates on one interpretation favorable to him, there are other interpretations that are equally plausible, if not more plausible, than Lockwood's that are favorable to the State. We are not convinced that speculating on the meaning of the jury's conduct is a useful exercise. Regardless of what the jury was trying to accomplish, the one thing that is clear is that the jury initially tried to return a verdict that was not one of the options available to it. Nothing in the instructions or verdict forms permitted the jury to answer the question of whether Lockwood was guilty of possession of marijuana—in fact, the jury was given no instructions on what would need to be proved to establish that offense. Likewise, nothing in the Iowa Rules of Criminal Procedure permitted the jury to alter the charged offense and return a verdict on a different charge. *See* Iowa Rs. Crim. P. 2.4, .5. Instead, the jury could only return a verdict of "guilty" or "not guilty" on the charge submitted in the jury instructions.[8]

---

[8] Rule 2.22(1) also permits a jury to render verdicts of "not guilty by reason of insanity" or "not guilty by reason of diminished responsibility," but those options were not available in this case because Lockwood did not present an insanity or diminished-responsibility defense.

Iowa R. Crim. P. 2.22(1). Because the jury went beyond simply selecting one of the two verdict options when it modified the verdict form and changed the charged offense, the verdict was not authorized by rule 2.22(1) and was not valid. As such, the court properly required the jury to reach a verdict on the actual offense charged. *See* Iowa R. Crim. P. 2.22(6) ("If the jury renders a verdict that is in none of the forms specified in this rule . . . the court may direct the jury to reconsider it.").

We conclude the district court committed no error when it required the jury to render a verdict on the offense actually charged. As a result, the district court did not abuse its discretion when it denied Lockwood's motions for mistrial and new trial.

## IV.    Sentencing

Finally, Lockwood challenges his sentence, arguing he should have received a deferred judgment. When a sentence is within the statutory limits, as it is here, we review for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). It is Lockwood's burden to establish an abuse of discretion. *See State v. Stanley*, 344 N.W.2d 564, 568 (Iowa Ct. App. 1983) ("To overcome this presumption of regularity requires an affirmative showing of abuse, and the burden of so showing rests upon the party complaining."). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.' A ruling is untenable when the court bases it on an erroneous application of law." *Gordon*, 921 N.W.2d at 24 (internal citations omitted).

The crux of Lockwood's complaint is that he considers himself an ideal candidate for a deferred judgment, the jury sought to minimize his punishment,

and the State was not required to agree to a deferred judgment, so the court should have granted him the deferred judgment as he requested. When pronouncing sentence the district court explained its reasoning:

> Well, the court takes a number of factors into consideration in determining an appropriate sentence here, including the maximum opportunity or possibility for rehabilitation, although I get the impression that Mr. Lockwood doesn't think he needs to be rehabilitated; also the protection of the public from further offenses by the defendant and others similarly situated. Although this was not a crime of violence, the court recognizes that the use of drugs, perhaps not necessarily marijuana, but the use of drugs in a community, and growing drugs, certainly can have an adverse effect at many levels of the community, and therefore the court must keep that in mind in determining an appropriate sentence. The court hasn't heard that the defendant has any kind of a criminal record so the court considers that.
>
> [The court questions Lockwood about his employment and income.]
>
> So the court also takes into consideration the defendant's employment circumstances. Considering the nature of the offense, the court's not inclined to grant a deferred judgment. Often the court will give it even a closer look if the State gives their blessings to a deferred judgment. That hasn't happened here. The court doesn't require that, but the court does look at the fact that I believe the defendant doesn't believe he needs to be rehabilitated.
>
> During the course of the trial the court got the impression the defendant did not believe he was doing anything wrong. That continues to be part of the argument today, that he wasn't supplying marijuana to other persons. The court would just point out the obvious, if he was, that would be a completely separate criminal felony criminal offense.
>
> The court also gives no weight to the behavior of the jury in returning or attempting to return a verdict that they were not authorized to return. As the court instructed the jury, and as we all know, the jury has nothing to do with punishment, so any message they might have been trying to send is completely moot. And then again, the court considers the protection of the public in finding that a conviction should be entered so it remains of record what happened here rather than being subject to being expunged at some future date.

While we understand Lockwood preferred a more favorable sentence than the five-year suspended sentence the district court imposed, he identifies nothing

in the district court's reasoning as untenable or unreasonable. In fact, the court provided sound reasoning to refute each of Lockwood's contentions on appeal. We will not second-guess the district court's reasoning for imposing its selected sentence. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). The district court did not abuse its discretion in imposing Lockwood's sentence.

## V. Conclusion

The district court correctly rejected Lockwood's proposed medical-necessity instruction. Lockwood's conviction is supported by sufficient evidence. The district court did not abuse its discretion in denying Lockwood's motions for mistrial and new trial based on the court's instruction to the jury to deliberate again after it attempted to improperly return a verdict on an offense not charged. The district court did not abuse its discretion when sentencing Lockwood.

**AFFIRMED.**