PER CURIAM.
In this direct criminal appeal, appellant seeks review of his sentences. In particular, he argues that the trial court imposed a 3-year minimum term for the offense of sale of cocaine within one thousand feet of a school because it believed, erroneously, that such a term was mandatory pursuant to section 893.13(l)(e)l, Florida Statutes (1991). We affirm.
Appellant was convicted, after a jury trial, of two counts of possession of cocaine, and one count each of sale of cocaine and sale of cocaine within one thousand feet of a school. At the time that he committed these offenses, appellant was on probation for aggravated assault with a firearm. The trial court sentenced appellant to concurrent sentences of five years on each of the possession counts, nine years on the sale count and nine years on the count charging sale within one thousand feet of a school. In addition, believing that the 3-year minimum term contained in section 893.13(l)(e)l, Florida Statutes (1991), was mandatory, the trial court imposed such a term for the count charging sale within one thousand feet of a school.
Subsequent to the trial court’s imposition of sentence, the supreme court held that, despite its apparently unambiguous language to the contrary, the 3-year minimum term contained in section 893.13(l)(e)l. is not mandatory. Scates v. State, 603 So.2d 504 (Fla.1992). Relying upon Scates, appellant argues that all of his sentences should be vacated, and that the case should be remanded for resentencing as to all counts.
We affirm because the 9-year sentence, subject to a 3-year minimum term, imposed upon appellant pursuant to section 893.-13(l)(e)l is clearly a legal sentence; and appellant failed to object or otherwise preserve the issue. We are convinced, given appellant’s prior record and the comments of the trial court during sentencing, that the trial court would have imposed the same sentence had it been aware that the 3-year minimum term was not mandatory. Nevertheless, as in Graham v. State, 608 So.2d 123-24 (Fla.2d DCA1992), although we affirm the legal sentence, “we note that the trial court has the authority to reduce or modify this sentence for a period of sixty days following the issuance of our mandate. Fla.R.Crim.P. 3.800(b).”
AFFIRMED.
SMITH, KAHN and WEBSTER, JJ„ concur.