# IN THE COURT OF APPEALS OF IOWA

No. 18-0023
Filed December 19, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EVAN BLAKE WOOTEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

        The defendant challenges his sentences for attempt to disarm a peace officer of a dangerous weapon and assault on persons engaged in certain occupations. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

        Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

Evan Wooten pleaded guilty to attempt to disarm a peace officer of a dangerous weapon, in violation of Iowa Code section 708.13(2) (2016), and assault on persons engaged in certain occupations, in violation of Iowa Code section 708.3A(3). The district court sentenced Wooten to indeterminate terms of incarceration not to exceed five years for the first offense and two years for the second offense, said sentences to run concurrent to each other.

In this direct appeal, Wooten raises three challenges to his sentences. First, he contends the district court erroneously concluded that attempt to disarm a peace officer was a forcible felony requiring imprisonment. Second, Wooten argues the district court considered an impermissible factor in imposing sentence. Specifically, Wooten argues the district court impermissibly considered the sentencing recommendation of the presentence investigation (PSI) report writer. Third, Wooten argues the court erred in "ordering appellate attorney fees to be assessed in their entirety unless [he] filed a request for hearing on the issue of his reasonable ability to pay."

I.

We first address Wooten's claim that the district court erroneously concluded that attempt to disarm a peace officer of a dangerous weapon was a forcible felony. "A 'forcible felony' is any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, human trafficking, arson in the first degree, or burglary in the first degree." Iowa Code § 702.11(1). The district court may not defer judgment, defer sentence, or suspend sentence following conviction

for a forcible felony. *See* Iowa Code § 907.3. In other words, a term of incarceration is mandatory following conviction of a forcible felony.

The question of whether the offense was a forcible felony was briefed and argued in the district court. The district court flagged the issue at the time of Wooten's guilty plea:

> THE COURT: Right, and I want to discuss that a little bit. Mr. Wooten, do you understand that it's an open question as to whether or not count 1 may be a forcible felony?
> THE DEFENDANT: Yes, sir, I do.
> THE COURT: Do you understand that if it's a forcible felony, incarceration would be mandatory on count 1?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. I've had some discussion with counsel in chambers, and I think the agreement, counsel, was to leave this issue for sentencing so that counsel could present argument to the Court on whether or not this is a forcible felony. Is that correct?
> MR. BERGER: That is correct, your Honor, from the State.
> MR. DIRCKS: Yes, that is correct, your Honor.
> THE COURT: But you understand, Mr. Wooten, that if the court determines it's a forcible felony, incarceration would be mandatory on count 1. Do you understand that?
> THE DEFENDANT: Yes, I do, sir.
> THE COURT: Do you still wish to plead guilty?
> THE DEFENDANT: Yes, sir.

At the time of sentencing, the parties submitted briefing and argument to the district court on the question of whether attempt to disarm a peace officer of a dangerous weapon was a forcible felony. After hearing argument, the district court concluded the offense was a forcible felony. However, the district court explicitly stated that it would have made the same sentencing decision even if it had reached the opposite conclusion on the forcible-felony question:

> The reasons for the sentence obviously include the fact that the court's determined that count 1 is a forcible felony, but the court also notes that you have a significant criminal history, a significant history of problems on supervision, including numerous failures to appear. Although the court does note, on the other hand, that Mr.

> Wooten has appeared for everything in this case. The court is concerned about protection of the community, and of course the court took into account the recommendation of the PSI author, as well. And the reason I note all of that is that the sentence in this case would have been the same regardless of the court's determination that count 1 is a forcible felony.

Wooten contends the district court failed to consider other sentencing alternatives because the court concluded the offense was a forcible felony. Wooten requests his sentences be vacated and the matter be remanded for resentencing. *See State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999) ("When a sentencing court has discretion, it must exercise that discretion. Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing." (citations omitted)); *State v. Kramer*, 773 N.W.2d 897, 898 (Iowa Ct. App. 2009) ("Failing to exercise discretion in determining what sentence to impose when a sentence is not mandatory is a defective sentencing procedure, which requires vacation of the sentence and a remand for resentencing.").

The State concedes the "district court erroneously concluded Wooten committed a forcible felony requiring prison" but argues the error, if any, was harmless and remand is unnecessary.

We conclude the error was harmless and remand is unnecessary. Under a harmless-error analysis, we presume prejudice and reverse unless the record affirmatively establishes the defendant suffered no prejudice. Here, the district court explicitly stated it would have imposed the same sentence regardless of its determination that attempt to disarm a police officer was a forcible felony. The additional record made by the district court affirmatively establishes the defendant suffered no prejudice and obviates the need for remand. *See State v. Cason*, 532

N.W.2d 755, 757 (Iowa 1995) (holding any failure to formally afford defendant his right to allocution was harmless where defendant "affirmatively stated [he] agreed [with] the recommendation of sentence proposed by the State," "[t]he trial court on several occasions asked [defendant] whether he had any questions regarding his plea agreement or the sentencing recommendations," and defendant "had several opportunities to state any objections to the proposed sentence"); *State v. Mabry*, No. 14-1424, 2015 WL 4642483, at *1 (Iowa Ct. App. Aug. 5, 2015) (applying harmless-error analysis to sentencing error); *State v. James*, No. 11-1207, 2012 WL 1612329, at *3 (Iowa Ct. App. May 9, 2012) (applying harmless-error analysis to sentencing); *see also Davis v. State,* 617 So.2d 1140, 1141 (Fla. Dist. Ct. App. 1993) (per curiam) (holding remand was not necessary where the sentencing court stated it "would have imposed the same sentence" even if not mandatory); *Rubi v. State*, 575 S.E.2d 719, 724 (Ga. Ct. App. 2002) (holding error was harmless where the district court stated it would have imposed the same sentence even without considering improper factor); *People v. Anderson*, 825 N.W.2d 678, 687 (Mich. Ct. App. 2012) ("If the trial court would have imposed the same sentence regardless of a misunderstanding of the law, this [c]ourt may affirm."); *State v. Ortega-Gonsalez*, 404 P.3d 1081, 1084 (Or. Ct. App. 2017) ("We will affirm a judgment even though we determine that the trial court erred in sentencing when the record shows that the trial court could have imposed the same total sentence without the error and we are 'completely confident' that the trial court would impose the same sentence if the case were remanded for resentencing." (quoting *State v. Calderon-Ortiz*, 191 P.3d 808, 812 (Or. Ct. App. 2008)); *State v. Binkerd*, 310 P.3d 755, 764 (Utah Ct. App. 2013) ("The court explained, however, that had it correctly

understood the statute at the time of sentencing, it would have imposed the same sentence regardless—a sentiment that is entirely credible given the record before us. Therefore, the error was harmless."); *State v. Weller*, 344 P.3d 695, 705 (Wash. Ct. App. 2015) (stating the appellate court will affirm the sentence despite error "when the trial court expressly states" the same sentence would have been imposed).

II.

In his next claim of error, Wooten argues it was improper for the PSI report to contain a sentencing recommendation. He also argues the district court erred in considering the PSI report writer's sentencing recommendation.

We first note the claim is not preserved for appellate review. Our courts require that a defendant interpose an objection at the time of sentencing to preserve error on a claim that the PSI report contains improper information. *See, e.g.*, *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000*)*; *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998); *State v. Buck*, No. 14-0723, 2015 WL 1046181, at *2 (Iowa Ct. App. Mar. 11, 2015); *State v. Thonethevaboth*, No. 05-1821, 2006 WL 1751295, at *1 (Iowa Ct. App. June 28, 2006). Here, the presentence investigation report contained the following recommendation: "Based on the nature of the crimes to which the defendant has pled guilty, and has [sic] prior criminal record, incarceration is recommended." At the time of sentencing, the district court afforded the defendant and defendant's counsel the opportunity to object to information contained in the PSI report, and the defendant failed to object to the writer's recommendation. Thus, error is not preserved.

Wooten requests that we review the claim as a claim of ineffective assistance of counsel. "[W]e review ineffective-assistance-of-counsel claims de novo." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). To prevail on his claim, Wooten must show by a preponderance of the evidence that his counsel failed to perform an essential duty and prejudice resulted. *See id.* at 556.

Wooten argues counsel failed to perform an essential duty by failing to object to the inclusion of the PSI writer's opinion in the report. Wooten cites to Iowa Code sections 901.2, prescribing the manner of completing the PSI, and 901.3, stating what the PSI must contain. He argues that neither section authorizes the department of correctional services to include a sentencing recommendation in the PSI report. According to Wooten, without express instruction, the department of correctional services cannot provide a sentencing recommendation. Wooten further argues that the district court is thus prohibited from considering the writer's sentencing recommendation.

The State argues counsel had no duty to object. The State notes the district court can consider any information relevant to sentencing. The Iowa Code allows for the district court to "receive . . . any information which may be . . . relevant to the question of sentencing." Iowa Code § 901.2(1). In addition to this statutory authority, the State notes, "The sentencing judge should be in possession of the fullest information possible concerning the defendant's life and characteristics . . . ." *See State v. Stanley*, 344 N.W.2d 564, 570 (Iowa Ct. App. 1983). A "judge may resort to such sources of information as he[/she] thinks might be helpful to his[/her] judgment as to sentencing." *Id.* The State argues the department of correctional services' recommendation for sentencing, based on the

department's understanding of the defendant's needs and the services available to meet those needs, is relevant to the question of sentencing. Because the sentencing recommendation is relevant to sentencing, the State argues, counsel had no duty to object.

We decline to address the claim on the merits. "Generally, ineffective assistance of counsel claims are preserved for postconviction to allow trial counsel an opportunity to defend the charge." *State v. Pearson*, 547 N.W.2d 236, 241 (Iowa Ct. App. 1996). Here, the defendant's counsel made a strong sentencing recommendation to the court. It is long-standing practice for all PSI reports to contain a sentencing recommendation. It is also long-standing practice for the sentencing court to take into consideration the sentencing recommendation of the department of correctional services. Given the long-standing practice, defendant's counsel should have the opportunity to make a record to defend against this claim of ineffective assistance of counsel. We thus preserve the claim for postconviction-relief proceedings.

III.

In his third claim, Wooten challenges the provision of the sentencing order providing that he shall be responsible for appellate attorney fees unless he requests a hearing on his reasonable ability to pay the same. Challenges to restitution are reviewed for errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

The challenged portion of the order provides as follows:

> The defendant is advised that if he determines to appeal this ruling, he may be entitled to court-appointed counsel to represent him in an appeal. The defendant is advised that if he qualifies for

court-appointed appellate counsel then he can be assessed the cost of the court-appointed appellate attorney when a claim for such fees is presented to the clerk of court following the appeal. The defendant is further advised that he may request a hearing on his reasonable ability to pay court-appointed appellate attorney fees within 30 days of the issuance of the procedendo following the appeal. If the defendant does not file a request for a hearing on the issue of his reasonable ability to pay court-appointed appellate attorney fees, the fees approved by the State Public Defender will be assessed in full to the defendant.

We conclude this provision of the sentencing order was erroneous. The district court can only order the defendant to repay court-appointed attorney fees after making a finding the defendant has the reasonable ability to pay the same. *See* Iowa Code § 910.2(1). In *State v. Coleman*, the defendant brought the same challenge as Wooten does now. 907 N.W.2d at 148–49. The supreme court vacated the defendant's sentence on other grounds and did not reach the merits of the issue. *See id.* at 149. However, the supreme court instructed the district court on remand to "follow the law and determine the defendant's reasonable ability to pay the attorney fees without requiring him to affirmatively request a hearing on his ability to pay" before assessing future attorney fees. *Id.* Given this direction, it is apparent the supreme court would hold the challenged portion of the sentencing order is erroneous. *Cf. Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000) ("Constitutionally, a court must determine a criminal defendant's ability to pay before entering an order requiring such defendant to pay criminal restitution.").

Accordingly, we vacate the portion of the sentencing order requiring Wooten affirmatively request a hearing on his ability to pay and remand for entry of a corrected sentencing order.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**